# REPORTS OF CASES

## DETERMINED IN

# THE SUPREME COURT

### OF THE

# STATE OF NEVADA

## APRIL TERM, 1912

[No. 1996]

### THE STATE OF NEVADA, RESPONDENT, *v.* JOHN CAREY, APPELLANT.

1. CRIMINAL LAW—REMARKS OF COURT—PREJUDICE.

During the cross-examination of complainant, a dispute arose whether the witness had testified to more than one attempt on the accused's part to commit the offense, and following a statement of counsel for defendant as to the testimony of the witness on direct examination, to which objection was made that the same was not in accordance with the testimony of the witness, the judge interposed the remark that he did not believe that the court, counsel, or jury had that impression of the evidence. What the witness actually testified was read by the reporter in the presence of the jury. *Held*, that the court's remarks were not prejudicial to accused.

2. IDEM—ACCOMPLICE'S TESTIMONY — CORROBORATION — INSTRUCTION.

Where there was evidence from which the jury might have concluded that the complaining witness was an accomplice, it was error to refuse to charge that, if such witness was willing that the offense be committed on him, then, in the absence of other evidence than the testimony and acts of witness to connect accused with the offense charged, accused must be acquitted, since by Comp. Laws, 4330 (Rev. Laws, 7180), a conviction cannot be had on the uncorroborated testimony of an accomplice.

3. IDEM—INSTRUCTIONS—PRIOR CONDUCT OF ACCUSED.

Where, in a prosecution for committing a crime, the state offered evidence of the conduct of accused and the complaining witness earlier in the evening, before the alleged assault, and sought to draw from such conduct the conclusion of a preconceived design on accused's part to commit the crime, and the acts testified to were as susceptible of an innocent as a criminal construction, it was error to refuse to charge that when a man's conduct may from the evidence be reasonably referred to two motives—one criminal and the other innocent—the jury should presume the innocent, and not the criminal, motives.

4. IDEM—INSTRUCTIONS—REASONABLE DOUBT.

Under Comp. Laws, 4649 (Rev. Laws, 7165), providing that only the statutory definition of reasonable doubt shall be given, the court, having given such definition, did not err in refusing accused's requested instruction on reasonable doubt.

APPEAL from the Second Judicial District Court of the State of Nevada, Washoe County; *T. F. Moran,* Judge.

John Carey was convicted of assault to commit the crime against nature, and he appeals. **Reversed,** and new trial granted.

The facts sufficiently appear in the opinion.

*Mayers, Lunsford & Fowler,* for Appellant.

*Cleveland H. Baker,* Attorney-General, for the State.

*William Woodburn, Jr., amicus curiæ.*

*Per Curiam:*

Defendant was indicted for the crime of assault to commit the infamous crime against nature, convicted, and sentenced to a term of five years in the state prison. From the judgment defendant has appealed.

During the progress of the cross-examination of the complaining witness, following a statement of counsel for defendant, relative to certain testimony of the witness on direct examination, to which objection was made that the same was not in accordance with the testimony of the witness, the trial judge interposed the following remark: "I don't believe that the court, counsel, or jury

has that impression of the evidence." It is urged that those remarks constituted an invasion of the province of the jury, and was prejudicial error. The dispute between counsel as to the evidence was as to whether the witness had testified to more than one attempt upon the part of the defendant to commit the act. What the witness actually testified to was read by the reporter in the presence of the jury, and any misunderstanding was cleared up. The remarks of the court, conceding them to have constituted error, cannot, we think, be said to have prejudiced the defendant's case, for, if they had any force at all, it was an intimation that the witness had not testified to three attempts upon the part of the defendant, but only one, a situation favorable to the defendant rather than otherwise.

Under the circumstances, we think there was error in the refusal of the court to give the following instruction: "I instruct you, gentlemen of the jury, that, if you believe from the evidence that the witness Etchegon was willing that the infamous crime against nature be committed upon him, then, in the absence of other evidence than the testimony and acts of Etchegon to connect the defendant with the offense charged in the indictment, you must acquit him." If the jury from a consideration of the character of the complaining witness was of the opinion that he might readily be a party to such a crime, they might under certain circumstances be justified in reaching the conclusion that he was the guilty party alone or an accomplice. If the jury was satisfied from the evidence that the complaining witness was an accomplice, if the offense was attempted, then unless there was corroborating evidence, it would be the duty of the jury to acquit, for by the statute conviction cannot be had upon the uncorroborated testimony of an accomplice. (Comp. Laws, 4330; Rev. Laws, 7180; *People* v. *Deschessere*, 69 App. Div. 217, 74 N.Y. Supp. 761; *People* v. *Hickey*, 109 Cal. 275, 41 Pac. 1027; *Medis* v. *State*, 27 Tex. App. 194, 11 S. W. 112, 11 Am. St. Rep. 192; Underhill on Criminal Evidence, sec. 630, p. 623.)

Underhill, *supra,* says: "Writers upon criminal law have frequently, and with reason, called attention to the ease with which one may be accused of this crime, and the extreme difficulty of proving its commission. If the crime is consummated, both parties consenting thereto, each is an accomplice of the other, and neither can be convicted upon the uncorroborated testimony of the other. * * * When, however, the crime is attempted or committed without the consent of the pathic party, he is not an accomplice, and a conviction may be had upon his testimony alone. Whether he consented is a question for the jury in all cases where the evidence is at all doubtful. Evidence to show that he did or did not consent is always relevant, particularly in the case of a charge of an assault with intent to commit sodomy." In *Kelly* v. *People,* 192 Ill. 120, 61 N. E. 425, 85 Am. St. Rep. 323, the court, by Wilkin, C. J., remarked: "We are not unmindful of the fact that the crime is of a class easily charged and difficult to disprove and that it should, therefore, be established with clearness."

We think, also, in view of the evidence in this case, the following instruction requested by defendant should have been given: "The jury are instructed that when a man's conduct may be consistently, and as reasonably from the evidence, referred to two motives, one criminal and the other innocent, it is your duty to presume that such conduct is actuated by the innocent motive, and not by the criminal." The state offered testimony relative to the conduct of the defendant and the complaining witness which occurred earlier in the evening before the alleged assault. The state sought to draw from this conduct the conclusion of a preconceived design upon the part of the defendant to commit the crime. As the acts testified to may as well have been impelled by an innocent as a criminal motive, failure to give the instruction may have caused the jury to give undue weight to this testimony.

The court, we think, did not err in refusing defendant's requested instruction on reasonable doubt. The court gave the statutory definition of reasonable doubt, and it

is further provided by the statute that no other definition shall be given. (Comp. Laws, 4649; Rev. Laws, 7165; *State* v. *Potts*, 20 Nev. 389; *State* v. *Streeter*, 20 Nev. 403.) While the law looks with particular abhorrence upon the crime charged in the indictment, the courts have scrutinized records of conviction for crimes of this character with special strictness because of the ease with which the charge can be made and the prejudice which to a greater or less extent attaches to the defendant because of the charge, and the difficulty of overcoming even the uncorroborated testimony of the pathic party.

For the errors committed in this case we think the judgment should be reversed, and a new trial granted.

It is so ordered.