RAPHAEL BASURTO, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 6118

July 7, 1970                                        472 P.2d 339

*James D. Santini,* Public Defender, and *Robert G. Legakes,* Deputy Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Larry C. Johns,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Eric Robichaud, invited by Raphael Basurto who was a casual acquaintance for about eight years, attended a party at which he was compelled to commit certain homosexual acts upon other people at the party. In his testimony, he detailed the coercion exercised upon him and the beatings that followed the acts which took place at the dwelling and again in the desert and Basurto's involvement in these activities. In one instance he was threatened with murder.

The trial judge instructed the jury on consent, defined an accomplice and its significance (that an accomplice's testimony must be corroborated) and also gave the "Allen" charge, which in essence encourages juries to reach a verdict. The jury deliberated approximately three hours and found Basurto guilty of committing infamous crimes against nature in the house where the party occurred and in the desert.

Basurto seeks to overturn his conviction on three grounds: (1) that he was 18 years old at the time and therefore the statute, NRS 201.190, does not apply to him; (2) that Robichaud was a willing accomplice and his testimony should have been, but was not corroborated; and (3) that the "Allen" charge was prejudicial.

1.    NRS 201.190 provides that "every person of *full age* who commits the infamous crime against nature shall be punished: . . ." NRS 62.020(1)(a) defines an adult as a person of 18 years of age or older. Basurto was 18 years old at the time of the offense. He attempts to classify himself as being under 21 in the language of NRS 129.010 and therefore ineligible as not being of "full age."

Chapter 62 of the Nevada Statutes relating to juveniles is more in keeping with determining who comes within the law relating to the commission of crimes than NRS 129.010 which applies to the capacity to contract in civil cases. Sound reasoning compels us to reject his contention. He is properly before the court as a person over 18 and of full age.

2.    Basurto argues that Eric Robichaud freely and voluntarily participated in the acts now complained of and therefore was an accomplice. As an accomplice corroborating evidence would be needed to justify a conviction.

A participant in an act of sexual perversion because of threats and in fear of great bodily harm is not an accomplice and such person's testimony need not be corroborated. People v. Bias, 339 P.2d 204 (Cal.App. 1959). Whether one is an accomplice is normally a question of fact for the jury. State v. Carey, 34 Nev. 309, 122 P. 868 (1912); People v. Bias, supra. The complaining witness, Robichaud, placed an abundance of evidence before the jury to allow that body to decide whether or not he was a willing participant in the lewd acts. His recitations of the beatings and the events surrounding them were sufficient to present the question before the jury that he did not voluntarily consent and was therefore not an accomplice. The jury was fully instructed on what an accomplice was and that if found to be an accomplice, his testimony had to be corroborated. Based upon the testimony elicited from Robichaud the evidence was sufficient for the jury to conclude that he was not an accomplice. No corroborating evidence was then required and defendant's objection fails.

3.    Passage of time and years of experience are eroding the reasons that justified the "Allen" charge when it was first given

birth. (Allen v. United States, 164 U.S. 492 (1896).) Its service was to urge the minority in jury deliberations to reconsider the viewpoint of the majority. Spurred by judicial command its function avoided costly hung juries.

The realization today is that it is just as cogent to require the majority to reconsider the viewpoint of the minority. Juries on today's trials are sufficiently sophisticated to warrant abandonment of judicial interference from their deliberations. United States v. Fioravanti, 412 F.2d 407, 417 (3rd Cir. 1969); Posey v. United States, 416 F.2d 545, 552 (5th Cir. 1969). The charge is approved so long as it makes clear to the jury that each member has a duty to conscientiously adhere to his own honest opinion and the charge avoids creating the impression that there is anything improper, questionable or contrary to good conscience for a juror to create a mistrial. Posey v. United States, supra; United States v. Meyers, 410 F.2d 693 (2nd Cir. 1969). The judge must not coerce a jury into making a decision. United States v. Brown, 411 F.2d 930, 932 (7th Cir. 1969); People v. Baumgartner, 332 P.2d 366 (Cal.App. 1958); United States v. Fioravanti, supra.

In this case the charge was clear that no juror was to give up any conscientious conviction he may hold.[1] The coercive language and effect of State v. Hall, 54 Nev. 213, 243–244, 13 P.2d 624 (1932), is absent and this is desirable. While the choice of State v. Hall, supra, as against this new look is not now squarely presented our preference is expressed in this opinion. The "dynamite" charge should be avoided. United States v. Fioravanti, supra, at 419; Burrup v. United States, 371 F.2d 556 (10th Cir. 1967); People v. Richards, 237

---

[1]The jury was instructed as follows: "The Court instructs the Jury that although the verdict to which each Juror agrees must, of course, be his own conclusion, and not a mere acquiescence in the conclusion of his fellows, yet, in order to bring twelve minds to a unanimous result the Jurors should examine with candor the questions submitted to them, with due regard and deference to the opinions of each other. A dissenting Juror should consider whether the doubt in his mind is a reasonable one, when it makes no impression on the minds of so many Jurors equally honest, equally intelligent with him, who have heard the same evidence, with an equal desire to arrive at the truth, under the sanction of the same oath. You are not to give up a conscientious conclusion after you have reached such a conclusion finally, but it is your duty to confer with your fellow Jurors carefully and earnestly, and with a desire to do absolute justice both to the State and to the defendant."

N.E.2d 848, 852 (Ill.App. 1968); Sullivan v. United States, 414 F.2d 714 (9th Cir. 1969); State v. Thomas, 342 P.2d 197 (Ariz. 1959); State v. Randall, 353 P.2d 1054 (Mont. 1960).[2]

Affirmed.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.

---

[2]*SUGGESTED ABA JURY INSTRUCTIONS STANDARDS*

5.4 LENGTH OF DELIBERATIONS; DEADLOCKED JURY.

(a) Before the jury retires for deliberation, the court may give an instruction which informs the jury:

(i) that in order to return a verdict, each juror must agree thereto;

(ii) that jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment;

(iii) that each juror must decide the case for himself, but only after an impartial consideration of the evidence with his fellow jurors;

(iv) that in the course of deliberations, a juror should not hesitate to reexamine his own views and change his opinion if convinced it is erroneous; and

(v) that no juror should surrender his honest conviction as to the weight or effect of the evidence solely because of the opinion of his fellow jurors, or for the mere purpose of returning a verdict.

(b) If it appears to the court that the jury has been unable to agree, the court may require the jury to continue their deliberations and may give or repeat an instruction as provided in subsection (a). The court shall not require or threaten to require the jury to deliberate for an unreasonable length of time or for unreasonable intervals.