LOUIS O. ST. PIERRE, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 8365

September 30, 1976 554 P.2d 1126

[Rehearing denied November 8, 1976]

*David Hamilton,* Reno, and *Simon & Sheridan,* Los Angeles, Calif., for Appellant.

*Robert List,* Attorney General, Carson City, *Larry Hicks,* District Attorney, and *Kathleen M. Wall,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Appellant stands convicted by jury of second degree murder. At the conclusion of trial, before defining the defense of self-defense, the court instructed: "The burden of proving circumstances which justify or excuse the killing of another is upon the defendant, but the defendant need not prove such circumstances beyond a reasonable doubt." Appellant contends that, in light of Mullaney v. Wilbur, 421 U.S. 684 (1975), this instruction violates due process by placing the burden on him to prove he acted in self-defense. We disagree.

According to *Mullaney,* it violates the due process requirement that the prosecution must prove every element of the crime charged beyond a reasonable doubt, for a state to compel a defendant to prove, by a preponderance of the evidence, that he acted in the heat of passion on sudden provocation, and thus was guilty of manslaughter rather than murder. However,

*Mullaney* dealt with implied malice, and "[n]owhere in *Mullaney* did the Court hold that requiring a defendant to prove self-defense affirmatively, denies him due process." State v. Bolton, 223 S.E.2d 863, 866 (S.C. 1976). At this point in time, without further guidance, we decline to extend the reasoning of *Mullaney* to the defense of self-defense.

Even were we disposed to extend *Mullaney* to self-defense situations, the record here would not warrant our doing so. On its face, the challenged instruction did not specify what would occur if appellant undertook, as he did, to meet the burden of producing some evidence on the issue of self-defense. It did not state whether, once appellant satisfied this burden of going forward, the burden would then shift back to the State to prove its case beyond a reasonable doubt. It is clear that *Mullaney* does not forbid an instruction placing the burden on the defendant to produce some evidence on the issue. See: Mullaney v. Wilbur, cited above at 701 n. 28. If appellant desired the court to give a more particular instruction, it was incumbent on him to prepare such an instruction and request the court to give it. See: State v. Lewis, 59 Nev. 262, 91 P.2d 820 (1939); State v. Hall, 54 Nev. 213, 13 P.2d 624 (1932); State v. White, 52 Nev. 235, 285 P. 503 (1930). This was not done. Instead, the record reflects that appellant neither objected to the given instruction, nor voiced any other concern about the matter at trial. Moreover, with no trial transcript before us, we could not determine whether lack of an instruction on the particular distinction now relied upon was in fact prejudicial.

Affirmed.