EARL LENON REDEFORD, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 9478

December 22, 1977 572 P.2d 219

*Morgan Harris,* Public Defender, and *Terrence M. Jackson,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George Holt,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

Earl Lenon Redeford appeals from a conviction by jury for attempted burglary contending: (1) the district court erred in giving a coercive jury instruction; (2) a statutory presumption created by the legislature for burglary prosecutions is unconstitutional; and (3) the district court erred by admitting evidence of a prior felony conviction. Appellant's initial contention has merit, and we must reverse.

1. At the close of evidence the trial court read a standard

jury instruction which discussed the deliberation process.[1] The jury then retired, deliberated during the evening, but became deadlocked. The following morning, the court, without request of either party, orally instructed the jury as follows:

Ladies and gentlemen of the jury, you are now into your second day of deliberation. I don't have to tell you that, you're well aware of it. You've heard all the evidence in this case for approximately two and half (sic) to three days. Really, *there is nothing decided unless the jury comes in with a verdict.* You're an intelligent jury, and if this case had to be tried over because of *your failure to reach a verdict,* another jury of twelve people no more intelligent would hear the same evidence and attempt to reach a verdict. *So you don't accomplish anything by not reaching a verdict* in this case. So would you continue your deliberations, please, and *put your collective minds together, and reach a verdict in this case.* (Emphasis added.)[2]

Less than two hours later, the jury returned with a verdict

---

[1]"The Court instructs the Jury that although the verdict to which each Juror agrees must, of course, be his own conclusion, and not a mere acquiescence in the conclusion of his fellows, yet, in order to bring twelve minds to a unanimous result the Jurors should examine with candor the questions submitted to them, with due regard and deference to the opinions of each other. A dissenting Juror should consider whether the doubt in his mind is a reasonable one, when it makes no impression on the minds of so many Jurors equally honest, equally intelligent with him, who have heard the same evidence, with an equal desire to arrive at the truth, under the sanction of the same oath. You are not to give up a conscientious conclusion after you have reached such a conclusion finally, but it is your duty to confer with your fellow Jurors carefully and earnestly, and with a desire to do absolute justice both to the State and to the Defendant."

This form of instruction, often called a "dynamite" charge, has been reluctantly approved by this court, either as an initial instruction or in supplement. *See* Hudson v. State, 92 Nev. 84, 545 P.2d 1163 (1976); Azbill v. State, 88 Nev. 240, 495 P.2d 1064 (1972); Basurto v. State, 86 Nev. 567, 472 P.2d 339 (1970).

[2]NRS 175.161(1) provides in relevant part:

". . . in no case shall any charge or instructions be given to the jury otherwise than in writing, unless by mutual consent of the parties."

We need not decide whether the trial court's actions violated this rule, since we conclude the form of the instruction itself was erroneous.

Futhermore, it was not necessary for the defendant to object to the jury charge, because the record does not affirmatively show consent by the parties to the giving of any oral instruction. Harvey v. State, 78 Nev. 417, 375 P.2d 225 (1962).

convicting appellant of attempted burglary, but acquitting on a separate burglary count.

Appellant challenges the italicized portions of the above charge as denying him an opportunity to have a fair trial by coercing the jury's verdict. Viewing the instruction in light of all the surrounding circumstances of this case, we are compelled to agree.

"[I]t is a cardinal principle of the law that a trial judge may not coerce a jury to the extent of demanding that they return a verdict." United States v. Fioravanti, 412 F.2d 407, 416 (3rd Cir. 1969). Furthermore, "[i]t is a right guaranteed to a defendant on trial for a criminal offense that he shall have the judgment of twelve men uninfluenced by matters foreign to the evidence admitted at the trial." State v. Clark, 38 Nev. 304, 310, 149 Pac. 185, 187 (1915). In Jenkins v. United States, 380 U.S. 445 (1965), the Supreme Court held it prejudicial error under the circumstances of that trial to demand of the jury: "You have got to reach a decision in this case." Ibid. at 446.

The instruction used in the case at bar is tantamount to the demand made in *Jenkins*. It lacks the qualifying language which we have found so vital in the past. In every instance where we approved "dynamite" or "Allen" charges,[3] we noted that the instruction given reminded the individual jurors not to surrender conscientiously held opinions for the sake of judicial economy. See Hudson v. State, 92 Nev. 84, 545 P.2d 1163 (1976); Azbill v. State, 88 Nev. 240, 495 P.2d 1064 (1972); Basurto v. State, 86 Nev. 567, 472 P.2d 339 (1970); State v. Hall, 54 Nev. 213, 13 P.2d 624 (1932); cf. Hoskins v. State, 552 P.2d 342 (Wyo. 1976). A trial judge must "never for a moment let them forget that '[a] verdict must reflect the views of all,' " Ibid. at 348, and "that each member has a duty to . . . adhere to his own honest opinion." Azbill v. State, 88 Nev. at 248, 495 P.2d at 1069; see also A.B.A. Suggested Jury Instructions Standards, 5.4 Length of Deliberations, Deadlocked Jury, cited fn. 2, Basurto v. State, 86 Nev. at 571, 472 P.2d at 341.

We must therefore conclude that it was error to give the

---

[3] The term "Allen" charge is derived from Allen v. United States, 164 U.S. 492 (1896), wherein the Supreme Court approved a jury charge which informed minority jurors to carefully consider their convictions when compared to the opinions of the majority.

instruction in the form used. We are also constrained to find the error prejudicial, and not merely harmless, when viewed in the context of all the facts and circumstances surrounding the case.

Appellant stood trial for attempted burglary, and burglary, allegedly occurring at the Flowers Motel in Las Vegas. Testimony reveals that the motel manager saw appellant coming out of an unoccupied room, from which all furniture previously had been stolen by another. After calling the police, the manager continued to observe appellant, who went to an adjoining room and "tapped" on its window with a screwdriver. Responding to the manager's call, police arrested appellant in the street as he walked from the motel. Following his arrest for burglary, appellant later voluntarily stated: "Why didn't you arrest me for what I did? The screwdriver won't work and the door knob (sic), and I was getting ready to break the glass."

The jury, after hearing this evidence and deliberating for some time, apparently could not conclude that appellant had committed any of the crimes charged. Inferably, at least some of the jurors may not have been convinced that appellant's conduct went beyond simple prowling, malicious mischief, or trespass.

A short time after the coercive instruction was given, however, the jury unanimously returned what may well have been a compromise verdict convicting on the attempted burglary count. Thus, in these circumstances, it appears the erroneous instruction may not be regarded as harmless error. *Cf.* Driscoll v. Erreguible, 87 Nev. 97, 482 P.2d 291 (1971).

2. Appellant urges that the statutory presumption of intent as set forth in NRS 205.065[4] is violative of due process and the right against self-incrimination. We have previously considered such contentions and have rejected them. *See* Tucker v. State, 92 Nev. 486, 553 P.2d 951 (1976) and the numerous cases cited therein. Nevertheless, appellant insists we must

[4]NRS 205.065 provides:

"Every person who shall unlawfully break and enter or unlawfully enter any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, vehicle, vehicle trailer, semitrailer or housetrailer, or railroad car shall be deemed to have broken and entered or entered the same with intent to commit grand or petit larceny or a felony therein, unless such unlawful breaking and entering or unlawful entry shall be explained by testimony satisfactory to the jury to have been made without criminal intent."

declare the presumption unconstitutional in light of the Supreme Court's decision in Mullaney v. Wilbur, 421 U.S. 684 (1975).

In *Mullaney,* the Court "has held it to be constitutionally impermissible to place on a defendant a burden heavier than that of raising reasonable doubt (as to circumstances of mitigation in a homicide prosecution)." *See* People v. Tewksbury, 544 P.2d 1335, 1343 (Cal. 1976). However, we are indisposed to extend *Mullaney* to logical presumptions of fact which may be legitimately established by the legislature. *See* St. Pierre v. State, 92 Nev. 546, 554 P.2d 1126 (1976); White v. State, 83 Nev. 292, 429 P.2d 55 (1967); *cf.* Evans v. State, 349 A.2d 300, 338–39 (Md.Ct.Spec.App. 1975).

We believe an inference of criminal intent logically flows from the fact of showing unlawful entry, White v. State, 83 Nev. at 296, 429 P.2d at 57; *cf.* People v. Tewksbury, 544 P.2d at 1343; and "neither the Due Process Clause nor *Mullaney* prohibits the use of presumptions or inferences as procedural devices to shift to the accused the burden of producing some evidence contesting an otherwise presumed or inferred fact." Hodge v. Commonwealth, 228 S.E.2d 692, 695 (Va. 1976). NRS 205.065 requires only that the defendant produce some evidence to dispute the presumed fact of criminal intent. The ultimate burden of persuasion remains with the prosecution and due process is not offended.

3. Appellant also contends the district court erred by denying his motion in limine to exclude a prior robbery conviction. "The determination of whether to admit or exclude such evidence rests in the sound discretion of the trial court and will not be disturbed unless manifestly wrong." Anderson v. State, 92 Nev. 21, 23, 544 P.2d 1200, 1201 (1976). Here, we decline to review the district court's exercise of discretion, so that the district court on retrial may consider the issue in the light of facts then made to appear. *See* NRS 50.095.

Reversed and remanded for new trial.

BATJER, C. J., and MOWBRAY, THOMPSON, and MANOUKIAN, JJ., concur.