WILLIE SULTON HENDERSON, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 10306

May 9, 1979                                          594 P.2d 712

*Morgan D. Harris,* Public Defender, and *Peter J. Christiansen,* Deputy Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *Douglas Clark,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, MOWBRAY, C. J.:

A jury found Willie Sulton Henderson guilty of the crimes of burglary and of rape, robbery and the infamous crime against nature, all committed with the use of a deadly weapon. Henderson seeks reveral on two grounds: (1) that the trial court erred in admitting the in-court identification of witness Helms, and (2) that the evidence presented was insufficient to support the guilty verdict. We disagree and affirm.

## THE FACTS

The victim of the crimes testified in substance as follows: that she had been gardening in her yard, and went into her home to check on her napping three year old son. There she was accosted by Henderson, who grabbed her from behind and stuck a knife in her back. He took her into her bedroom, and forced her to disrobe while putting a nylon stocking over his head and face. The victim testified that Henderson then, and at knife point, forced her to have oral sex and intercourse with him. He bound and gagged her and then left. Thereafter, the victim was able to free herself and called for help. The victim identified Henderson from a group of photos shown her by the police, and later did so at a physical lineup at police headquarters.

A neighbor, Leslie Helms, testified that he had seen a black man at the time the offenses were committed, walking down the alley near the victim's house. He identified Henderson from a group of police photos, and again at a lineup. Henderson claims this lineup was tainted because a representative from the Public Defender's Office testified before the jury that he was present when Helms made his identification of Henderson, and that prior thereto, the victim had said words audible to Helms

that she could identify "number four" as her assailant. Helms testified that he never heard the victim's statement.

Henderson's defense was that on the day in question, he and his wife and daughter went for an outing at Lake Mead, and that they did not return until long after the crimes had been committed. Henderson's wife and mother-in-law corroborated his statement.

## THE SUBSTANTIAL EVIDENCE

Appellant's claim that there was insufficient evidence to support his conviction is meritless. It is the law of this state that in a rape case, a jury may convict upon the uncorroborated testimony of the victim. May v. State, 89 Nev. 277, 510 P.2d 1368 (1973); Bennett v. Leypoldt, 77 Nev. 429, 366 P.2d 343 (1961). *See also,* Stalley v. State, 91 Nev. 671, 541 P.2d 658 (1975). Here the victim testified that she saw Henderson face to face before he put on the mask and after he removed it. The jury was entitled to believe such testimony, and also the testimony of witness Helms who positively identified Henderson at trial. The jury was at liberty to disbelieve the testimony of Henderson and his family.

As we have noted, "[w]hen there is conflicting testimony presented, it is for the jury to determine what weight and credibility to give to the testimony. 'Where there is substantial evidence to support a verdict in a criminal case, as the record indicates [exists] in this case, the reviewing court will not disturb the verdict nor set aside the judgment.' " Hankins v. State, 91 Nev. 477, 477-78, 538 P.2d 167 (1975), quoting Sanders v. State, 90 Nev. 433, 434, 529 P.2d 206 (1974).

## THE IN-COURT IDENTIFICATION

Witness Helms' in-court identification of appellant was received without objection by Henderson's counsel, nor was there any subsequent motion to strike the testimony. The issue has, therefore, not been properly preserved for review. Septer v. Warden, 91 Nev. 84, 530 P.2d 1390 (1975). *See* Mathews v. State, 94 Nev. 179, 576 P.2d 1125 (1978); Thomas v. State, 93 Nev. 565, 571 P.2d 113 (1977). At oral argument, newly appointed counsel for Henderson impliedly conceded this

point. He argued, however, that this issue should be addressed indirectly through consideration of the competence of Henderson's trial counsel.

This argument is, upon the record presented, meritless and in any event, has not been timely raised. NRAP 31(d). *See* White v. State, 95 Nev. 159, 591 P.2d 266 (1979).

Therefore, we affirm the jury verdict.

THOMPSON, GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.