ANTHONY RANSEY, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 10064

May 16, 1979                                                594 P.2d 1157

*Morgan D. Harris,* Public Defender, and *Thomas R. Jarrett,* Deputy Public Defender, Clark County, for Appellant.

*Robert J. Miller,* District Attorney, and *Stanley Parry,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, BATJER, J.:

Appellant was convicted by a jury of burglary and sentenced to serve ten years in the Nevada State Prison, his sentence was then suspended and he was placed on probation. He now contends that the district court erred (1) by inquiring into the numerical division of the jury and (2) by giving a coercive jury instruction commonly known as the *Allen*[1] charge.

During the course of the jury's deliberation, the foreman reported to the court that it was unable to reach a verdict. The jury returned to the courtroom, where the trial judge instructed the foreman to reveal the numerical division of the vote, but not to state in which direction the vote was divided. The foreman replied the vote was divided 11 to 1. Immediately thereafter, the judge gave the following charge:

> I see no reason why you jurors are not as competent nor as able nor as likely to decide the issues of fact in this case and decide them right as any other jury that might be

---

[1]The *Allen* charge derived its name from an instruction approved by the United States Supreme Court in Allen v. United States, 164 U.S. 492 (1896). For a summary of the dubious history of the charge see People v. Gainer, 566 P.2d 997, 1000–1003 (Cal. 1977).

> impanelled to decide the same issues based upon the same evidence.
>
> I don't wish to say that you are going to be made to agree or that you are going to be kept out until you agree. I do want you to understand, however, that you have a duty to make an honest and a sincere attempt to arrive at a verdict.
>
> Now, jurors shouldn't be obstinate. They should be open-minded. They should listen to the arguments of others, talk things over freely, and make an honest effort as fair-minded men and women to reach a conclusion on all the issues presented to them.
>
> . . . .
>
> Now, I don't want you to believe that you are going to be made to agree, but I do think that you should attempt to agree if all possible.

The jury then retired for further deliberation and later returned with a verdict of guilty. The *"Allen* charge" given in this case was of a type used in Wisconsin. *See* Kelley v. State, 187 N.W.2d 810 (Wisc. 1971); Madison v. State, 212 N.W.2d 150 (Wisc. 1973); Quarles v. State, 233 N.W.2d 401 (Wisc. 1975).

*Allen* charges have been condemned because they (1) coerce the minority juror or jurors to acquiesce to the will of the majority by encouraging the minority to reconsider their position in light of the fact that the majority disagrees with them; and (2) coerce a verdict by implying that a costly new trial will be necessitated should the jury not reach a unanimous decision. For these reasons, some jurisdictions have held that such charges may no longer be given.[2]

In the past this Court has reviewed the propriety of the *Allen* charge and has reluctantly approved it if it clearly informs the jury that each member has a duty to conscientiously adhere to his own honest opinion and the charge avoids creating the impression that there is anything improper, questionable or contrary to good conscience for a juror to create a mistrial.

---

[2]*E.g.,* United States v. Thomas, 449 F. 2d 1177 (D.C. Cir. 1971); United States v. Fioravanti, 412 F.2d 407 (3rd Cir. 1969, *cert. denied,* sub nom. Panaccione v. United States, 396 U.S. 837 (1969); United States v. Silvern, 484 F.2d 879 (7th Cir. 1973) and United States v. Brown, 411 F.2d 930 (7th Cir. 1969), *cert. denied,* 396 U.S. 1017 (1970); State v. Thomas, 342 P.2d 197 (Ariz. 1959); People v. Gainer, *supra,* n. 1; People v. Prim, 289 N.E.2d 601 (Ill. 1972), *cert. denied,* 412 U.S. 918 (1973) and People v. Pankey, 374 N.E.2d 1114 (Ill.App. 1978); State v. Nicholson, 315 So.2d 639 (La. 1975); Pinder v. State, 355 A.2d 489 (Md.App. 1976); and Kersey v. State, 525 S.W.2d 139 (Tenn. 1975).

Basurto v. State, 86 Nev. 567, 472 P.2d 339 (1970); Azbill v. State, 88 Nev. 240, 495 P.2d 1064 (1972); Hudson v. State, 92 Nev. 84, 545 P.2d 1163 (1976); State v. Hall, 54 Nev. 213, 13 P.2d 624 (1932). In Redeford v. State, 93 Nev. 649, 572 P.2d 219 (1977), we found that the *Allen* charge given in that case was unduly coercive and constituted reversible error because the charge did not remind the individual jurors not to surrender conscientiously held opinions for the sake of judicial economy. *Cf.* State v. Clark, 38 Nev. 304, 149 P. 185 (1915).

Because of the numerical division inquiry, the trial judge in this case knew that there was only one dissenting juror. Nevertheless, he proceeded to give the jury a charge which in essence told the lone dissenting juror that he should be open-minded and not obstinate. No mention was made that jurors should not surrender conscientiously formed opinions. "It is not always true that the 'one obstinate juryman' is wrong and the other eleven are right, . . . ." State v. Clark, 38 Nev. at 310, 149 P. at 187.

Upon the authority of Redeford v. State, *supra,* we conclude that it was error to give the charge in the form used.[3] From the record it is impossible to ascertain how long the jury deliberated before the charge was given, nor do we know the time lapse between the giving of the charge and the return of the guilty verdict. The record also fails to reveal what evidence and testimony was presented at the trial. We are therefore constrained to find the error prejudicial and not merely harmless.

---

[3]In People v. Prim, *supra,* n. 2, the Illinois Supreme Court composed the following deadlocked jury instruction:

"The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

You are not partisans. You are judges—judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case." *Id.* at 609.

*See also* United States v. Thomas, *supra,* n. 2; United States v. Fioravanti, *supra,* n. 2; United States v. Silvern, *supra,* n. 2; People v. Gainer, *supra,* n. 1; Kelly v. State, 310 A.2d 538 (Md. 1973); Commonwealth v. Rodriquez, 300 N.E.2d 192 (Mass. 1973); Kersey v. State, *supra,* n. 2.

This instruction, which embraces the standards formulated by the ABA regarding jury instructions, is an example of a permissible charge when the jury has become deadlocked. *Cf.* Basurto v. State, 86 Nev. 567, 571, 472 P.2d 339, 341, n. 2 (1970).

Accordingly, appellant's conviction is reversed and the case remanded for a new trial. Because we reverse we need not determine whether the trial court erred by inquiring into the numerical division of the jury.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.