DONALD BURKETT NORDINE, APPELLANT, v.
THE STATE OF NEVADA, RESPONDENT.

No. 10555

June 14, 1979                                          596 P.2d 245

*Morgan D. Harris,* Public Defender, and *Michael L. Miller,* Deputy Public Defender, Clark County, for Appellant.

*Robert J. Miller,* District Attorney, and *H. Douglas Clark,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

Two errors are assigned. First, that the evidence is insufficient to support a conviction for sexual assault. Second, that the trial court should have permitted the defendant to introduce evidence that the victim first had sexual relations when she was 15 years old.

1. The testimony of the victim, if believed by the jury, would establish a sexual assault. Her testimony need not be corroborated in order for the conviction to stand. Henderson v. State, 95 Nev. 324, 594 P.2d 712 (1979). Thus, the first claim of error is without merit.

2. NRS 48.069 specifies the method to be utilized by an accused who desires to present evidence of previous sexual conduct of the victim to prove her consent to the sex act for which he is on trial, and grants to the trial court a discretion as to whether such evidence should be received.[1] At trial, an issue was whether the victim had consented to sexual relations with the accused. Relying upon NRS 48.069 an affidavit was submitted to the court to establish that the victim first had sexual relations when 15 years old. Nothing more was related with regard to that episode, nor did the affidavit relate any information covering the following two years until the incident in issue which happened when the victim was 17 years old.

---

[1] NRS 48.069: In any prosecution for sexual assault or for assault with intent to commit, attempt to commit or conspiracy to commit a sexual assault, if the accused desires to present evidence of any previous sexual conduct of the victim of the crime to prove the victim's consent:

1. The accused shall first submit to the court a written offer of proof, accompanied by a sworn statement of the specific facts that he expects to prove and pointing out the relevance of the facts to the issue of the victim's consent.

2. If the court finds that the offer of proof is sufficient, the court shall order a hearing out of the presence of the jury, if any, and at the hearing allow the questioning of the victim regarding the offer of proof.

3. At the conclusion of the hearing, if the court determines that the offered evidence:

(a) Is relevant to the issue of consent; and

(b) Is not required to be excluded under NRS 48.035, the court shall make an order stating what evidence may be introduced by the accused and the nature of the questions which he is permitted to ask. The accused may then present evidence or question the victim pursuant to the order.

The accused apparently contends that the district court was compelled to allow the jury the opportunity to infer from that single episode that the victim was sexually submissive and probably consented to the sex act in issue. It is apparent that the proffered evidence possessed only marginal relevance to the issue of consent and may, in the discretion of the court, have been viewed as substantially outweighed by the danger of prejudice, confusion of issues or of misleading the jury. NRS 48.035(1).[2] The rejection of such evidence fell well within the discretion of the judge.

Affirmed.

MOWBRAY, C. J., and GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.

---

[2]NRS 48.035(1): Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues or of misleading the jury.