DANNY RAY WHITE, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 11518

December 13, 1979                         603 P.2d 1063

*Morgan D. Harris,* Public Defender, and *Peter J. Christiansen,* Deputy Public Defender, Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert*

882

*J. Miller,* District Attorney, *H. Douglas Clark,* and *James Tufteland,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

By the Court, MANOUKIAN, J.:

A jury found the appellant, Danny Ray White, guilty of burglary, NRS 205.060. On appeal he contends: (1) That the trial court committed error in its comments to the jury during their deliberations; (2) That the giving of an additional nonstatutory instruction regarding reasonable doubt constituted reversible error; and, (3) That the evidence was insufficient to support the verdict. We find each contention to be without merit.

*1. The Court's Inquiry.*

During deliberations, the jury foreman sent a note to the trial court stating that the jury was unable to reach a unanimous verdict after numerous votes. In addition, the note indicated that "a better understanding of the term reasonable doubt would be helpful." Pursuant to NRS 175.451, the court

thereafter convened in the presence of the defendant, both counsel, and the jury, whereupon the following discussion occurred:

> THE COURT: Well, let me ask you this then before, with consent of counsel, counsel has asked that I ask you some preliminary questions with regard to the number of ballots you have taken, and without stating which why [sic], either one way or the other, if you could just give us a numerical lineup without stating for or against or whatever it might be, give us some idea if you have made any progress in your ballots. Have you made any progress from the time you stated [sic], has there been any material switch in the ballots?
>
> MR. WOODBURY: Yes we have.
>
> THE COURT: Has the shift been rather substantial?
>
> MR. WOODBURY: I would say so, yes.

The trial court then gave the following instruction on reasonable doubt: "It is not necessary that the Defendant's guilt should be established beyond any doubt, or to an absolute certainty. But instead thereof the Defendant's guilt must be established beyond a reasonable doubt as hereinafter defined."

Immediately thereafter, the statutory definition of reasonable doubt, previously given to the jury, was repeated. NRS 175.211(1).[1]

In Burton v. United States, 196 U.S. 283 (1905), the Supreme Court condemned the judicial inquiry into the numerical standing of a jury during deliberations. *Burton* did not decide, however, whether the numerical inquiry was reversible error. Brasfield v. United States, 272 U.S. 448 (1926), resolved the issue, holding that a numerical inquiry constituted reversible error *per se*. Recognizing that such an inquiry tends to be coercive, the Supreme Court said: "We deem it essential to the fair and impartial conduct of the trial, that the inquiry itself should be regarded as ground for reversal." *Id.* at 450.

The Supreme Court has never held, or intimated, that the

---

[1]NRS 175.211(1) provides:

> A reasonable doubt is one based on reason. It is not mere possible doubt, but is such a doubt as would govern or control a person in the more weighty affairs of life. If the minds of the jurors, after the entire comparison and consideration of all the evidence, are in such a condition that they can say they feel an abiding conviction of the truth of the charge, there is not a reasonable doubt. Doubt to be reasonable must be actual and substantial, not mere possibility or speculation.

*Brasfield* rule of *per se* prejudicial error is a rule of constitutional law binding on the states. Indeed, there are explicit holdings that *Brasfield* merely created a federal procedural rule incident to the Supreme Court's supervisory power over federal courts. *See* Ellis v. Reed, 596 F.2d 1195 (4th Cir. 1979); State v. Cornell, 266 N.W.2d 15 (Iowa), *cert. denied,* 439 U.S. 947 (1978).

Although a number of jurisdictions have followed the reasoning in *Brasfield, e.g.,* People v. Wilson, 213 N.W.2d 193, 195 (Mich. 1973); *see* Taylor v. State, 299 A.2d 841 (Md.Ct.Spec.App. 1973), other courts have held that the trial court may make inquiry respecting the numerical division of the jury. People v. Carter, 442 P.2d 353, 356 (Cal. 1968); Sharplin v. State, 330 So.2d 591, 596 (Miss. 1976). Finally, some states have required that there be a showing of prejudice based on the circumstances of each case. People v. Austin, 523 P.2d 989, 993–94 (Colo. 1974).

Our approach to this type of claimed judicial error, in general, resembles the position of the Colorado court. *Id.* at 993–94. We have held that the alleged error should be examined in the context of all the facts and circumstances surrounding the case. *See* Redeford v. State, 93 Nev. 649, 652–53, 572 P.2d 219, 220–21 (1977) (court erred in giving *Allen* charge without qualifying language); State v. Clark, 38 Nev. 304, 308–10, 149 P. 185, 187–88 (1915) (judicial coercion of jury included inquiry into numerical division). We opt to follow our precedent and reject the harsh *Brasfield* rule of automatic reversal.

In the instant case, the trial judge requested the jury to disclose its numerical standing. No answer, however, was given. The conversation between the judge and the jury foreman was limited to whether there had been substantial changes in the balloting during deliberations. Moreover, the judge did not urge the jury to reach a verdict, nor in any other manner apply pressure to minority jurors. *Cf.* Ransey v. State, 95 Nev. 364, 594 P.2d 1157 (1979) (reversible error for a trial court to give *Allen* charge during deliberations, which in essence told lone dissenting juror to be open-minded and not obstinate, but which failed to inform jurors they should not surrender conscientiously formed opinions). In evaluating the totality of the circumstances, *cf.* Farmer v. State, 95 Nev. 849, 603 P.2d 700 (1979) (bailiff's communication with jury was not prejudicial), we conclude that the inquiry was neither an abuse of discretion nor error of any sort.

## 2. *Reasonable Doubt.*

We have often expressed our view that the reasonable doubt instruction contained in NRS 175.211 is adequate, and that no further instruction need be given. Although it is unnecessary, we have also held that the negative reasonable doubt instruction of the kind given in this case is in harmony with the statute. Jackson v. State, 93 Nev. 677, 683, 572 P.2d 927, 931 (1977). The trial court did not commit error by giving the instruction. *See* Tucker v. State, 92 Nev. 486, 553 P.2d 951 (1976); State v. Hall, 54 Nev. 213, 13 P.2d 624 (1932).

## 3. *Sufficiency of the Evidence.*

Finally, appellant contends that there was insufficient evidence to support the jury's verdict. Although the evidence was in conflict, the prosecution presented eyewitness testimony concerning appellant's involvement in the burglary. The weight and credibility of the testimony of identifying witnesses is within the exclusive province of the jury. Wise v. State, 92 Nev. 181, 183, 547 P.2d 314, 315 (1976). Where there is, as here, substantial evidence to support a verdict in a criminal case, this court will not disturb the verdict nor set aside the judgment. McKinney v. State, 95 Nev. 494, 596 P.2d 503 (1979); Henderson v. State, 95 Nev. 324, 594 P.2d 712 (1979).

We affirm the conviction.

MOWBRAY, C. J., and THOMPSON and BATJER, JJ., concur.

GUNDERSON, J., concurring:
I concur in the result.