An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

SHAQUILLE E. HAZELWOOD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62023



FILED

OCT 17 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Doug Smith, Judge.

The district court convicted appellant Shaquille E. Hazelwood, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon and attempted robbery with the use of a deadly weapon. This court affirmed the judgment of conviction on appeal. *Hazelwood v. State*, Docket No. 54175 (Order of Affirmance, July 15, 2010). Hazelwood filed a proper person post-conviction petition for a writ of habeas corpus in the district court. Counsel for appellant filed a supplement, and the State opposed the petition and the supplement. At a hearing on the petition, the district court declined to conduct an evidentiary hearing, finding that Hazelwood had failed to show that his attorney was deficient and that his allegations were belied by the record, and denied the petition. This appeal followed.

Hazelwood argues that the district court erred by denying his claims of ineffective assistance of counsel without conducting an evidentiary hearing. To prove ineffective assistance of counsel, a

13-31154

petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's errors, there is a reasonable probability that the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both deficiency and prejudice must be demonstrated. *Strickland*, 466 U.S. at 697. We give deference to the district court's factual findings regarding ineffective assistance of counsel if they are supported by substantial evidence and are not clearly wrong but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Hazelwood argues that trial counsel was ineffective for failing to request that a guardian ad litem be appointed when he moved to withdraw his guilty plea because of his age. Hazelwood fails to demonstrate that an objectively reasonable attorney in trial counsel's place would have requested such an appointment as Hazelwood alleges no standard or statutory requirement that a criminal defendant be appointed a guardian ad litem because of age, immaturity, social background, or decision-making skills. Insomuch as Hazelwood argues that he needed a guardian ad litem to make his legal decisions for him, "[t]he decision of how to plead in a criminal case is a fundamental one reserved ultimately to the defendant alone." *Parker v. State*, 100 Nev. 264, 265, 679 P.2d 1271, 1272 (1984); *see also Robinson v. State*, 110 Nev. 1137, 1138, 881 P.2d 667, 668 (1994) (once a child is certified as an adult, he "is no longer a child in the eyes of the criminal law"). Further, Hazelwood fails to demonstrate a reasonable probability that the outcome would have been different as the district court appointed separate counsel for the limited purpose of

reviewing the motion and advising Hazelwood on his plea withdrawal, and, after conferring with special counsel and being thoroughly canvassed by the district court on his decision, Hazelwood chose to withdraw his guilty plea and proceed to trial.[1]

Second, Hazelwood claims that trial counsel was ineffective for failing to file a motion to suppress the eyewitness identification by Claire Daniels because it was unnecessarily suggestive, she abused drugs, and her testimony as to how long she knew Hazelwood before the incident was impeached. A review of the record reveals that Daniels told the officer that she knew the shooter and identified him by name prior to being shown any photograph. After being shown a photograph of Hazelwood taken from when he was younger, Daniels immediately identified him as the shooter but said that he looked younger in the picture. Given the strong identification by Daniels, counsel's conduct did not fall below an objective standard of reasonableness. Furthermore, Hazelwood failed to demonstrate that a motion to suppress the eyewitness identification had a reasonable likelihood of success. *Doyle v. State*, 116 Nev. 148, 154, 995 P.2d 465, 469 (2000) (holding that, where a claim of ineffective assistance is based on counsel's failure to file a motion to suppress, prejudice must be demonstrated by "showing that the claim was meritorious and that there was a reasonable likelihood that the exclusion of the evidence would have changed the result of a trial" (internal quotation marks omitted)). As for

---

[1]To the extent that Hazelwood asserts that the district court erred by failing to, sua sponte, appoint a guardian ad litem, this claim should have been raised on direct appeal, and Hazelwood has failed to demonstrate good cause for his failure to do so. NRS 34.810(1)(b)(2).

the claims that Daniels abused drugs and that her testimony regarding the length of time she had known Hazelwood was impeached, these claims went to the weight and credibility of Daniels' testimony and were "within the exclusive province of the jury." *White v. State*, 95 Nev. 881, 885, 603 P.2d 1063, 1065 (1979). Accordingly, trial counsel was not deficient, and the district court did not err in denying this claim.

Third, Hazelwood argues that trial counsel was ineffective for disclosing his incarceration pending trial. In reviewing claims of ineffective assistance of counsel, this court has stated that "a tactical decision . . . is 'virtually unchallengeable absent extraordinary circumstances.'" *Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996) (quoting *Howard v. State*, 106 Nev. 713, 722, 800 P.2d 175, 180 (1990) *abrogated on other grounds by Harte v. State*, 116 Nev. 1054, 1072 n.6, 13 P.3d 420, 432 n.6 (2000)). Hazelwood has not demonstrated extraordinary circumstances. During opening statements, counsel disclosed that Hazelwood was incarcerated pending trial when she referenced the fact that Aaron Noble, one of the State's witnesses to the shooting who had told officers he would never forget the shooter, shared a cell with Hazelwood for about a week and did not recognize him. We conclude that trial counsel's decision to disclose Hazelwood's custodial status in order to attack Noble's eyewitness identification was not unreasonable, and the district court did not err in denying this claim.

Fourth, Hazelwood argues that trial counsel was ineffective for disclosing his prior juvenile conduct. On cross-examination of the lead detective, counsel asked the officer whether he contacted Spring Mountain Youth Camp regarding Hazelwood, to which the officer answered in the affirmative, and what his purpose was in contacting the camp, but a bench

conference was held before the officer answered. Outside the presence of the jury, trial counsel explained that her line of questioning was a strategic decision. We conclude that Hazelwood has failed to demonstrate extraordinary circumstances to challenge counsel's tactical decision and that counsel's performance was not deficient. *Id.* Furthermore, Hazelwood has failed to show prejudice, as the jury was never informed that the camp was a juvenile detention facility or that Hazelwood was ever detained there. Therefore, the district court did not err in denying this claim.[2]

Fifth, Hazelwood claims that trial counsel was ineffective for failing to request that the jury be instructed on the lesser-included offense of voluntary manslaughter. Hazelwood acknowledges that the existence of malice precludes an instruction on voluntary manslaughter. *Graves v. State*, 84 Nev. 262, 266, 439 P.2d 476, 478 (1968). However, Hazelwood argues that the jury could have reasonably concluded that the shooter was provoked by the victim's attempt to drive away while the shooter's arm was inside the vehicle and that the rapid acceleration caused the shooter to pull the gun's trigger. A review of the record reveals substantial evidence that Hazelwood acted with malice in shooting the victim, including but not limited to testimony that, after seeing the victim produce a bundle of money, Hazelwood walked around the car to where the victim was located, produced a gun, demanded that the victim give

---

[2]To the extent that Hazelwood argues that testimony regarding his selling drugs in the alleyway where the murder occurred was a prior bad act that should have been challenged as inadmissible, we conclude that Hazelwood has failed to demonstrate that his counsel's performance was deficient. *See* NRS 48.045(2).

him all her money, and, after discharging the firearm, opened the door and attempted to locate the victim's money. *See* NRS 200.020(2). We conclude that Hazelwood has failed to show that his counsel's performance was deficient.

Fifth, Hazelwood contends that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence. In particular, Hazelwood argues that there is no credible evidence tying him to the crime.[3] To prove a claim of ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such "that the omitted issue would have a reasonable probability of success on appeal." *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Appellate counsel is not required to raise every non-frivolous issue on appeal, *see Jones v. Barnes*, 463 U.S. 745, 751 (1983) *as limited by Smith v. Robbins*, 528 U.S. 259, 288 (2000), and this court has held that appellate counsel will be most effective when every conceivable issue is not raised on appeal. *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989). We conclude that there is no reasonable probability that this issue would have been successful on appeal. When reviewing a claim of insufficient evidence, the relevant inquiry is "'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Koza v. State*, 100 Nev.

---

[3]In his reply in support of the petition before the district court, Hazelwood conceded that there was "overwhelming evidence connecting Hazelwood to this murder."

245, 250, 681 P.2d 44, 47 (1984) (emphasis in original omitted) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Our review of the record reveals that there was sufficient evidence before the jury to establish guilt beyond a reasonable doubt.[4]

Sixth, Hazelwood argues that appellate counsel was ineffective for failing to challenge erroneously introduced hearsay statements. Specifically, Hazelwood challenges statements made by Elijah Davis, a person whom Noble called and confided in after the shooting, regarding Noble's description of the shooter and Noble's recap of the victim's last words. Hazelwood fails to demonstrate deficiency or prejudice. The record reflects that the district court allowed the statements over trial counsel's continuing objection to Davis's testimony as hearsay. The district court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *Thomas v. State*, 122 Nev. 1361, 1370, 148 P.3d 727, 734 (2006). For a statement to be admissible as an excited utterance, it must have been made when the declarant was still "under the stress of the startling event." *Medina v. State*, 122 Nev. 346, 352, 143 P.3d 471, 475 (2006); *see* 51.085; NRS 51.095. The State elicited testimony from Davis that Noble was scared, shaky, and terrified when speaking with him and that the victim's last words were made while the shooter was pointing a gun at her and demanding money from her. The record supports the conclusion that the declarants, both Noble and the victim,

---

[4]We note our conclusion on direct appeal that there was "overwhelming evidence of Hazelwood's guilt." *Hazelwood v. State*, Docket No. 54175 (Order of Affirmance, July 15, 2010).

were under the influence of a startling event when speaking. Accordingly, appellate counsel was not ineffective.

Having considered Hazelwood's claims and concluded that the district court did not err by denying Hazelwood's petition, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Doug Smith, District Judge
Law Office of Kristina Wildeveld
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk