# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSE RODRIGUEZ-QUEZADA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80139

FILED

APR 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of second-degree murder with the use of a deadly weapon. Ninth Judicial District Court, Douglas County; Nathan Tod Young, Judge.[1] Appellant Jose Rodriguez-Quezada raises two main contentions on appeal.

Rodriguez-Quezada first argues that the district court abused its discretion in admitting certain witness testimony and documentary evidence. While Rodriguez-Quezada's appellate briefs list alleged errors, he does not present cogent argument or provide legal support for his conclusions that the district court erred in admitting the evidence. We therefore decline to address his evidentiary issues. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court.").

Second, Rodriguez-Quezada argues that the district court erred in instructing the jury after receiving a note indicating it was deadlocked and in denying his related motion for a mistrial. A court may instruct the

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-11070

jury after it indicates deadlock so long as the instruction "clearly informs the jury that each member has a duty to adhere conscientiously to his or her own honest opinion, and if it avoids creating the impression that there is anything improper, questionable or contrary to good conscience for a juror to create a mistrial." *Wilkins v. State*, 96 Nev. 367, 373, 609 P.2d 309, 312 (1980); *see also Allen v. United States*, 164 U.S. 492 (1896). We consider the full context and circumstances surrounding such an instruction when reviewing a claim that it improperly coerced a jury's verdict. *Lowenfield v. Phelps*, 484 U.S. 231, 237 (1988).

Rodriguez-Quezada argues that the district court erred in giving a *Wilkins* instruction because the jury indicated it had "no hope" of agreeing on a verdict. We disagree. It was the first day of deliberations and the jury had been deliberating a short time relative to the case's complexity. *See Farmer v. State*, 95 Nev. 849, 854-55, 603 P.2d 700, 703-04 (1979) (explaining that to discharge a jury before verdict, a district court must be satisfied that there is no reasonable probability of agreement); *see also Arizona v. Washington*, 434 U.S. 497, 509 (1978) (indicating that a trial court should discharge a jury only after determining it is "genuinely deadlocked").

Rodriguez-Quezada also argues that the instruction was coercive. We again disagree. That the instruction was given late at night and a guilty verdict came approximately an hour and a half later does not alone indicate coercion.[2] *See* NRS 175.461 (providing that the length of time

---

[2]And Rodriguez-Quezada fails to support his argument that the district court gave jurors the impression that they could not leave the courthouse until reaching a verdict with record citations. *See* NRAP 28(a)(10)(A) (requiring appellant's brief to contain "citations to the authorities and parts of the record on which the appellant relies").

a jury may be kept for deliberation is within the trial judge's discretion); *Boonsong Jitnan v. Oliver*, 127 Nev. 424, 431 n.1, 254 P.3d 623, 628 n.1 (2011) (rejecting appellant's contention that the district court coerced a prompt verdict by requiring the jury to begin deliberating around 9:00 p.m. after a day of trial); *see also Lowenfield*, 484 U.S. at 237-41 (finding no judicial coercion where a deliberating jury's note suggested deadlock, the court instructed the jury to keep deliberating with an open mind, and the jury returned a verdict thirty minutes later); *United States v. Graham*, 758 F.2d 879, 885 (3d Cir. 1985) ("While some courts have found the length of time the jury was made to deliberate, to be coercive, [those] cases have involved *affirmative* coercive conduct of the district court, such as reminding the jury that the weekend was approaching or creating the impression that the jury would be locked up all night." (internal citations omitted)).  Indeed, Rodriguez-Quezada did not initially object to the jury deliberating during nighttime hours, specifically asked the court not to give the jury a time frame for its continued deliberations, and indicated his preference that the jurors continue deliberating while the evidence was fresh in their minds.  Further, the court neither demanded that the jury return a verdict nor expressed a preference for a specific verdict; rather, the court asked the jury to go back and consider "where [they were]" given the additional instruction. *Cf. Redeford v. State*, 93 Nev. 649, 651-53, 572 P.2d 219, 220-21 (1977) (concluding that the trial court erred in giving an instruction that effectively demanded that the jury return a verdict).

Rodriguez-Quezada finally takes issue with the language in the instruction.  He argues that the district court incorrectly instructed the jurors regarding their duty to apply the law to the facts by stating they were "judges of facts" and that their "sole interest is to ascertain the truth from

Supreme Court
of
Nevada

(O) 1947A

3

the evidence." And, he contends the instruction should have informed the jurors that they could disagree. But he did not make these, or any language-specific, arguments below. Where an appellant has not objected to the adequacy of a jury instruction below, we review for plain error affecting substantial rights. *Ramirez v. State*, 126 Nev. 203, 208, 235 P.3d 619, 623 (2010). Here, the district court used the instruction approved in *Wilkins*. 96 Nev. at 373 & n.2, 609 P.2d at 313 & n.2. The district court did not plainly err by using that instruction. *See Staude v. State*, 112 Nev. 1, 6, 908 P.2d 1373, 1377 (1996) (concluding that the district court "erred in not using the instruction approved in *Wilkins*").

For these reasons, the district court did not abuse its discretion in denying Rodriguez-Quezada's motion for a mistrial and issuing a *Wilkins* instruction. *See Ledbetter v. State*, 122 Nev. 252, 264, 129 P.3d 671, 680 (2006). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Cadish

_____, J.          _____, J.
Pickering                                            Herndon

cc:     Hon. Nathan Tod Young, District Judge
        Matthew D. Ence, Attorney & Counselor at Law
        Ristenpart Law
        Attorney General/Carson City
        Douglas County District Attorney/Minden
        Douglas County Clerk