# ERNEST HICKS, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 10478

June 28, 1979          596 P.2d 505

*Howard Ecker,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *H. Leon Simon,* Chief Appellate Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Ernest Hicks was charged, tried by jury and convicted of three counts of armed robbery (NRS 193.165,

200.380), and sentenced to concurrent terms of 30 years for each offense, the maximum allowable sentences. On appeal, Hicks urges a reversal of his convictions, contending the trial court erred in denying his pretrial motions to suppress certain evidence procured as a result of the search of the apartment in which he was found and the car he used in perpetrating the offenses. He also claims the denial of his pretrial motion in limine to exclude proof of his 1975 robbery conviction was error. Finally, he challenges the sufficiency of the evidence to support the verdicts.

1. Because appellant neither alleged nor proved a proprietary or other interest in the car, the apartment or any of the items searched and seized, he is without standing to challenge the legality of the warrantless searches which led to the discovery of the damaging evidence used to convict him.[1] Roberts v. State, 95 Nev. 288, 593 P.2d 57 (1979); Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed. 2d 387 (No. 77–5781, December 5, 1978).

2. Subject to certain exceptions not relevant to this appeal, NRS 50.095(1) permits the use of prior felony convictions for the purpose of impeaching the credibility of any witness. Prior to trial, appellant moved the district court to preclude the use of his 1975 Las Vegas robbery conviction for purposes of impeaching his testimony in the event he took the stand. Although Hicks made no offer of proof as to what his testimony might be, the trial judge balanced the potential for prejudice against the usefulness of the prior conviction for the purpose of impeachment and concluded the probative value of the proposed impeachment was not "substantially outweighed by the danger of unfair prejudice, of confusion of the issues or of misleading the jury." NRS 48.035(1). We have often demonstrated our reluctance to disturb such discretionary evidentiary rulings, Yates v. State, 95 Nev. 446, 596 P.2d 239 (1979); Redeford v. State, 93 Nev. 649, 572 P.2d 219 (1977); Anderson v. State, 92 Nev. 21, 544 P.2d 1200 (1976); Edwards v. State, 90 Nev. 255, 524 P.2d 328 (1974), and here, we perceive no error.

---

[1]Even if his mere presence on the premises were sufficient to confer standing, Mrs. Mitchell, the tenant to whom the premises were let, consented to the search of her apartment. Sparkman v. State, 95 Nev. 76, 590 P.2d 151 (1979). Likewise, Mr. Thomas, the owner of the automobile, consented to the search of his vehicle.

3.  There is abundant evidence to support the verdicts. In addition to the firearms used, the state offered in evidence the clothing appellant wore during the commission of the crimes. His fingerprint was found on one of the handguns.

Moreover, each of the three victims identified Hicks as one of the perpetrators. Their testimony was corroborated in large part by various eye witnesses. The sufficiency of the identification testimony was within the province of the jury. Porter v. State, 94 Nev. 142, 576 P.2d 275 (1978); Dearman v. State, 93 Nev. 364, 566 P.2d 407 (1977); Wise v. State, 92 Nev. 181, 547 P.2d 314 (1976); Hankins v. State, 91 Nev. 477, 538 P.2d 167 (1975).

The convictions are affirmed.