James David MORROW, Petitioner—
Appellant,

v.

John IGNACIO, Respondent—Appellee.

No. 02–16365.

United States Court of Appeals,
Ninth Circuit.

Submitted March 23, 2006.*

Decided June 6, 2006.

James David Morrow, Indian Springs, NV, pro se.

Richard A. Molezzo, State Attorney General, Office of Nevada, Carson City, NV, for Respondent—Appellee.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM**

James David Morrow, a Nevada state prisoner, appeals from the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We review de novo, see Davis v. Grigas, 443 F.3d 1155, 1158 (9th Cir.2006), and we affirm.

For habeas relief Morrow must show that the state court decision on his claims was contrary to, or involved an unreasonable application of, clearly established Supreme Court law, or was based on an unreasonable determination of the facts in light of the evidence. See id.; 28 U.S.C. § 2254(d).

Morrow alleges an improper reference to his post-arrest silence by the prosecutor in closing argument. The prosecutor's statements, however, permissibly referred to Morrow's testimony at trial. See Portuondo v. Agard, 529 U.S. 61, 69, 120 S.Ct. 1119, 146 L.Ed.2d 47 (2000) (prosecution is entitled to impeach credibility of defendant who takes the stand). The statements cannot reasonably be read to refer to his post-arrest silence.

■ Morrow argues that due process was violated when the prosecutor returned to the grand jury for a superseding indictment, because once the trial court dismissed the original indictment it lost jurisdiction over the charges. The return to the grand jury was at Morrow's request, to present additional evidence supporting his self-defense claim. There is no authority holding that a state court loses jurisdiction over the charges in the indictment when the prosecutor returns to the same grand jury to obtain a superseding indictment. We therefore reject this claim.

Morrow contends that errors by his trial and appellate counsel amount to ineffective assistance. Morrow must show that the

errors fall outside the wide range of competent legal assistance, and demonstrate that it is reasonably probable that the result of his trial would have been different if his counsel had not made these mistakes. See Strickland v. Washington, 466 U.S. 668, 689, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ We address each claim of error in turn, beginning with his counsel's performance during closing arguments. First, Morrow's counsel did not err in failing to object to statements by the prosecutor in closing argument that Morrow claims were improper vouching. The statements neither gave personal assurances of any witness's veracity, nor suggested that the prosecutor had information outside of the evidence at trial that supported the witness's credibility. See United States v. Weatherspoon, 410 F.3d 1142, 1146 (9th Cir.2005). Second, it was not error for Morrow's counsel not to object to the prosecutor's mention of Morrow's felony convictions. Under Nevada law, the jury may consider felony convictions in judging the credibility of a defendant who testifies at trial. See Hicks v. State, 95 Nev. 503, 596 P.2d 505, 506 (1979). Third, defense counsel's failure to object when the prosecutor referred to Morrow's refusal to answer a question about organizational memberships was within professional judgment, as an objection might have highlighted the refusal. See United States v. Molina, 934 F.2d 1440, 1448 (9th Cir.1991). Fourth, counsel's failure to object to the prosecutor's mention that a victim was Hawaiian was not error, because there was evidence that Morrow had expressed negative opinions about Hawaiians.

■ Morrow also claims his counsel was ineffective in his case management. Mor-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

row complains that counsel did not file for certain discovery, call certain witnesses, ask certain questions on cross-examination, or make certain arguments, and he faults counsel's method of impeaching a prosecution witness. These are disagreements with methods of case presentation and tactical decisions that are within counsel's professional judgment, to which we give great deference. *See Strickland,* 466 U.S. at 688–89, 104 S.Ct. 2052. We detect no error here. Morrow also assigns as error his counsel's failure to request an in camera hearing regarding the victim's past, but this was another tactical decision that he has not demonstrated was unreasonable.

Morrow claims a conflict of interest because his trial counsel was also his appellate counsel and therefore would not raise his own ineffectiveness on direct appeal. But Morrow's claim of ineffectiveness belonged in his state habeas petition, not his direct appeal, and at any rate he has not shown that a claim of ineffective assistance would have succeeded. Morrow's counsel on appeal was not ineffective for his failure to raise constitutional challenges to state court decisions on witness impeachment, the introduction of autopsy reports, and a doctor's testimony, as Morrow does not identify what those constitutional challenges might be. Finally, it was not ineffective assistance for Morrow's counsel to fail to characterize certain issues as plain error, or to raise on appeal the resubmission to the grand jury, as none of those issues had merit. Morrow has not shown that his counsel was ineffective.

Morrow next argues that the cumulative effect of the errors denied him due process of law, but because he has demonstrated no constitutional errors there is no prejudice to accumulate. *See Parle v. Runnels,* 387 F.3d 1030, 1045 (9th Cir.2004), *cert. denied,* 544 U.S. 1041, 125 S.Ct. 2274, 161

L.Ed.2d 1073 (2005). We also affirm the denial of his request for an evidentiary hearing, as he has not put forward any new legal rule or new facts that would entitle him to a hearing. *See* 28 U.S.C. § 2254(e)(2).

**AFFIRMED.**