OPINION
By the Court,
Hardesty, J.:
Under Nevada’s coercion statute, NRS 207.190, commission of an act of coercion using physical force, or using an immediate threat of physical force, constitutes a felony. Coercion committed without either of these components is a gross misdemeanor. In this appeal, we consider which test should be applied to determine if a threat is immediate, future, or incapable of being performed. To determine whether a defendant is criminally liable for a felony or for a gross misdemeanor under NRS 207.190, we conclude that the viewpoint of a reasonable person facing the same threat should be the focus of the inquiry. In doing so, we extend our previous holding in Deshler v. State.[1]
However, the jury instructions were erroneous because the district court did not instruct the jury to apply the reasonable person test. This error was not harmless, and it is not clear beyond a reasonable doubt that the jury would have found Santana guilty of felony coercion had it received the proper instructions. For these reasons, we reverse Santana’s convictions and remand for a new trial. We also note that while the jury can and should consider the testimony of victims, the jury remains responsible for determining whether a threat is immediate, future, or incapable of being performed.

FACTS

Appellant Vincent Mark Santana was incarcerated at the Clark County Detention Center during the summer of 2002. While he was there, Santana placed random phone calls to several women and children in southern California. Each phone call began with a *1460 recording, which explained that the call was a collect call from the Clark County Detention Center. The recipient of the phone call was then invited to accept or decline the call. Each victim in this case accepted.
Once Santana heard the victim accept the call, he informed her that the recording was a joke and then initiated a friendly conversation. Soon after, Santana told the victim that he was near her location, with a weapon, and that he would harm her if she did not participate in a sexual conversation with him.
An indictment was filed charging Santana with 19 counts of coercion under NRS 207.190. Subsequently, a superseding indictment was filed to include all 19 counts of coercion as well as Santana’s prior felony convictions.[2] Many of the victims in the present case testified during the jury trial, but some did not.
Ultimately, the jury found Santana guilty on 19 counts of felony coercion.[3] At sentencing, the district court considered Santana’s prior felony convictions and adjudicated Santana as a habitual criminal pursuant to NRS 207.010. During sentencing, the State suggested that a sentence of life without the possibility of parole was appropriate for those counts where the victims testified, but that a sentence of life with the possibility of parole would be appropriate for those counts where the victims did not testify. The district court sentenced Santana to a life sentence on each of the 19 counts. The final sentence amounted to a total of 5 consecutive life terms in prison without the possibility of parole, while the remaining life terms were imposed to run concurrently. Santana now appeals.

DISCUSSION

We first decide which viewpoint should be examined when determining whether a defendant is liable for felony coercion under NRS 207.190. Santana argues that an objective viewpoint should control, based on our decision in Deshler. Because Santana was incarcerated when he made the phone calls and could not execute his threats, he argues that, under an objective standard, he could not have violated NRS 207.190. According to Santana, this means that there is insufficient evidence to support his convictions for felony coercion. We then determine that the jury instructions were erroneous because they did not require the jury to apply a reasonable person analysis, which resulted in nonharmless error.

*1461
Coercion

The coercion statute, NRS 207.190(1), provides that it is unlawful for any person to attempt to intimidate another by threats of force or to threaten to use violence or inflict injury upon another with the intent to compel the other person to do or abstain from doing an act that the person has the right to do or abstain from doing. The statute further provides that “[wjhere physical force or the immediate threat of physical force is used,” the offense is a felony, but “[wjhere no physical force or immediate threat of physical force is used,” the offense is a misdemeanor.[4] Santana argues that, under Deshler, if a defendant lacks the present capacity or apparent ability to immediately execute his threats, then those threats are necessarily threats of future harm, not immediate harm. Since Santana lacked the present ability to carry out his threats because he was incarcerated, he argues that they were threats of future harm and therefore not subject to the statute. We disagree in part.
In Deshler, police responded to a bar fight involving Deshler and several patrons who believed that he had stolen the wallet of a fellow patron. Finding Deshler bloodied and perhaps injured, the police called for paramedics. Deshler verbally abused and fought with the police both as they arrested him and afterwards. He also violently resisted the paramedics when they tried to load him into the ambulance.[5]
One of the officers, Deputy Crawford, helped the paramedics load Deshler into the ambulance and rode with Deshler to the hospital.[6] Deshler repeatedly threatened Deputy Crawford and his family “in numerous and specific ways,” including threats of lethal harm. As this occurred, Deshler was strapped to a gurney but attempting to free himself. When Deshler broke free of the leg restraints, Deputy Crawford placed his knees on Deshler to control him. Deputy Crawford maintained his position until the ambulance reached the hospital. Deshler never completely broke free of the restraints.[7]
,Deshler was convicted of three felonies, including intimidation of a public officer based on his threats against Deputy Crawford.[8] This court reversed that conviction.[9] The statute in question in Deshler — NRS 199.300 — is similar to NRS 207.190 in that the *1462 level of the offense depended on whether physical force or the immediate threat of such force was used.[10] “All of Deshler’s threats, though severe and credible, were couched in future terms.”[11] Likewise, the record did not reveal any use of physical force or any realistic immediate threat against Deputy Crawford.[12] Moreover, the court in Deshler observed that Deputy Crawford was able to immobilize and control Deshler without fear of physical harm. Consequently, Deshler did not have the “present capacity” or “apparent ability” to carry out his threats, which a reasonable person facing the same threat could determine, necessarily making Deshler’s comments threats of future and not immediate harm.[13]
In addressing Deshler’s apparent ability to execute his threats against Deputy Crawford, this court did not expressly articulate which viewpoint should be used to determine liability for felony coercion. However, the term “apparent ability” necessarily implicates the defendant’s ability to carry out his threats to the extent that the ability is apparent to some viewpoint. NRS 207.190’s requirement of an “immediate threat of physical force” implicates the same viewpoint concern because it requires the trier of fact to determine the immediacy of the threat. This, in turn, requires the jury to ascertain the viewpoint of one facing the same threat. We therefore extend Deshler to conclude that in determining whether a defendant has made an immediate threat of physical force under NRS 207.190, the inquiry must focus on the viewpoint of a reasonable person.[14] Depending on that viewpoint, an immediate threat of physical force may exist even where the defendant is not presently able to carry out the threat. We add that while the jury can and should consider the testimony of victims, the jury *1463 remains responsible for determining whether the threat was immediate, fixture, or incapable of being performed.

Jury instructions

The district court did not instruct the jury to apply the reasonable person test. In fact, the jury was not instructed to analyze NRS 207.190 from any particular viewpoint. The district court’s jury instructions instead echoed the language of NRS 207.190(2)(a)-(b): “[i]n deciding whether a person has committed the crime of Coercion, you must also necessarily decide the type of Coercion committed, to wit: (1) Coercion committed by the use of physical force; or (2) Coercion committed by the use of an immediate threat of physical force, or (3) Coercion committed without any physical force or the immediate threat of physical force.”
This court reviews the “giving of erroneous jury instructions under a harmless error analysis.”[15] An error is harmless if it is “clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.”[16]
The viewpoint by which the jury analyzes NRS 207.190 can determine whether the defendant is found guilty of a gross misdemeanor or a felony. Under NRS 207.190, the immediacy of the threat distinguishes felony coercion from gross misdemeanor coercion. Under a more objective standard, such as the reasonable person test, the jury could decide the immediacy of the threat based on how a reasonable person facing the same threat would perceive that threat. Applying the reasonable person test, a defendant would face a uniform standard as the jury determines whether the defendant is guilty of a felony or a gross misdemeanor. Under a subjective standard, however, the jury could decide the immediacy of the threat based on how the actual victims perceived the threat. Using this standard, whether a defendant is found guilty of a felony or a gross misdemeanor will depend on the potentially varying perceptions of individual victims. This creates a troublesome legal inconsistency that in turn could yield unfair results.
The jury should have been instructed to apply a reasonable person analysis. Since the district court did not give this instruction, the jury instructions were erroneous. Because we do not know what the jury would have found in terms of the reasonable person *1464 test, it is not clear beyond a reasonable doubt that the jury would have found Santana guilty of felony coercion absent the error. For these reasons, Santana’s convictions must be reversed and remanded for a new trial.

CONCLUSION

We extend our holding in Deshler and conclude that in determining whether there has been an immediate threat of physical force under NRS 207.190, a reasonable person’s viewpoint should be the focus of the inquiry. We also note that while the jury can and should consider the victims’ testimony, the jury remains responsible for determining whether the threat was immediate, future, or incapable of being performed. Because the jury was not instructed to apply the reasonable person test in the present case, the jury instructions were erroneous and the error was not harmless. Accordingly, we reverse Santana’s convictions and remand the case for a new trial consistent with this opinion.
Becker, Maupin, Gibbons, Douglas and Parraguirre, JJ., concur.

 106 Nev. 253, 256, 790 P.2d 1001, 1003 (1990) (stating that where the defendant lacked the present capacity or apparent ability to carry out his threats, he could not have been guilty of felony intimidation of a public officer).

 The prior felony convictions were on the following charges: (1) failure of a convicted sex offender to change his address; (2) coercion; (3) sexual battery; (4) false imprisonment; (5) rape, robbery, and kidnapping; and (6) assault with intent to rape.

 The judgment of conviction' incorrectly states that Santana entered a plea of guilty.

 NRS 207.190(2).

 106 Nev. at 254, 790 P.2d at 1002.

 Id.

 Id. at 255, 790 P.2d at 1002.

 Id. at 253-54, 790 P.2d at 1001.

 Id. at 254, 790 P.2d at 1001.

 The operative statute in Deshler was NRS 199.300. The statute has since been amended and no longer appears as it was quoted in Deshler. See Deshler, 106 Nev. at 256, 790 P.2d at 1003. However, NRS 199.300 still refers to the use of “physical force or the immediate threat of such force” in classifying the intimidation of a public officer as a felony or gross misdemeanor.

 Deshler, 106 Nev. at 256, 790 P.2d at 1003.

 Id.

 Id.

 We have previously adopted the reasonable person test in other criminal contexts. See Vallery v. State, 118 Nev. 357, 371, 46 P.3d 66, 76 (2002) (holding that when an individual who is responsible for the care of an older person knows of facts or circumstances that would lead a reasonable person to believe that the older person may need additional care or services, the individual’s failure to take steps to examine the older person’s situation may result in criminal liability); Culverson v. State, 106 Nev. 484, 489, 797 P.2d 238, 240-41 (1990) (holding that a person has no duty to retreat before using deadly force if he is not the original aggressor and if a reasonable person in the non-aggressor’s position would believe that the assailant is about to cause him lethal or serious bodily harm).

 Allred v. State, 120 Nev. 410, 415, 92 P.3d 1246, 1250 (2004) (citing Wegner v. State, 116 Nev. 1149, 1155, 14 P.3d 25, 30 (2000)).

 Wegner, 116 Nev. at 1155, 14 P.3d at 30 (quoting Neder v. U.S., 527 U.S. 1, 18 (1999)).