# IN THE SUPREME COURT OF THE STATE OF NEVADA

ASHLEY GLYNN BRANCH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71793

FILED

JAN 04 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of home invasion, coercion with physical force or immediate threat of physical force, and false imprisonment. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

In 2015, appellant Ashley Branch and Angela Branch married but separated shortly after without divorcing. Thereafter, Angela obtained an extended protection order (EPO) against Ashley, prohibiting Ashley from contacting Angela or going within 100 yards of Angela's residence. On May 15, 2016, police responded to a domestic disturbance call for Angela's residence and found Angela distraught and in the process of leaving her house with Ashley following closely behind her. Ashley and Angela had differing accounts of what had occurred. Angela alleged that Ashley broke into her house through the backdoor, forced her to the ground numerous times, and bit her arm when she attempted to resist. Ashley denied breaking into the house or forcing Angela to the ground, but admitted to biting Angela's arm to force her to release a pocketknife she held against her own throat.

Ashley was charged with and convicted of (1) home invasion in violation of an EPO, (2) coercion with physical force or immediate threat of

18-00504

physical force in violation of an EPO, and (3) false imprisonment. Ashley now appeals, arguing that (1) the district court erred in denying his motion to bifurcate the State's presentation of the EPO for sentencing enhancement until after the jury had rendered a verdict as to his home invasion and coercion charges, (2) the district court failed to properly instruct the jury regarding his coercion charge, (3) the district court erred in denying his motion to exclude evidence of his prior felony conviction for impeachment purposes, and (4) cumulative error warrants reversal. We reject these arguments and affirm Ashley's judgment of conviction.

*The district court did not abuse its discretion in denying Ashley's motion to bifurcate*

Ashley argues that the district court erroneously denied his motion to bifurcate the State's presentation of Angela's EPO from the guilt phase of his trial because the EPO was being offered solely for sentencing enhancement purposes, and thus, bifurcation was mandatory to avoid compromising his right to a fair trial. We disagree.

This court "normally review[s] decisions regarding bifurcation of enhancement portions of a trial for an abuse of discretion." *Gonzalez v. State*, 131 Nev., Adv. Op. 99, 366 P.3d 680, 687 (2015). However, "in situations where a failure to bifurcate compromises a defendant's right to a fair trial, bifurcation is mandatory." *Id.* Here, we conclude that the district court's decision not to bifurcate the State's presentation of Angela's EPO did not compromise Ashley's right to a fair trial.

As the State correctly argues, the EPO was not being offered solely for sentencing enhancement purposes under NRS 193.166(1)(a).[1] Although the EPO likely constitutes evidence of a prior bad act, it was admissible to show Ashley's motive, intent, and lack of mistake or accident in committing the crime of home invasion. *See* NRS 48.045(2). Under NRS 205.067(1), "[a] person who, by day or night, forcibly enters an inhabited dwelling *without permission* of the owner, resident or lawful occupant, whether or not a person is present at the time of the entry, is guilty of invasion of the home." (Emphasis added.) Whether Ashley received Angela's permission to be at her house was a point of contention during trial. In particular, trial testimony showed that (1) Ashley and Angela were still married; (2) they started contacting each other again before the incident, which led to overnight stays at Angela's house; (3) whether they were supposed to meet up on the day of the incident was disputed; and (4) Ashley alleged that he did not know that he was not allowed to contact Angela.[2] As such, the EPO was admissible to show that Ashley was placed on notice of the need to obtain Angela's permission to enter her house.

Nonetheless, Ashley counters that the EPO was not necessary to support his conviction under NRS 205.067(1). Although Ashley's argument is not well-developed, he appears to assert that the EPO was not relevant and unduly prejudicial because violating an EPO is not required to

---

[1] Under NRS 193.166(1)(a), "[a] district court may impose a sentence enhancement for a[n EPO] violation when an individual commits a felony in violation of a[n EPO] against domestic violence issued pursuant to NRS 33.020." *Truesdell v. State*, 129 Nev. 194, 201, 304 P.3d 396, 401 (2013) (internal quotation marks omitted).

[2] Ashley does not dispute that he was served with the EPO.

establish the crime of home invasion. However, evidence need not be necessary to prove the commission of a crime before it can be admitted; rather, evidence need only be relevant and have "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." NRS 48.015; NRS 48.025. Here, the EPO has a tendency to show that Ashley was aware that he needed Angela's permission to enter her house during the night of the incident. Accordingly, because the State's presentation of Angela's EPO did not compromise Ashley's right to a fair trial, we conclude that the district court did not abuse its discretion in denying Ashley's motion to bifurcate.

*The district court did not err in instructing the jury regarding Ashley's coercion charge*

Ashley argues that the district court plainly erred in failing to instruct the jury to apply a reasonable person analysis under *Santana v. State*, 122 Nev. 1458, 148 P.3d 741 (2006). We disagree.

Because Ashley failed to object below, we review for plain error. *See Anderson v. State*, 121 Nev. 511, 516, 118 P.3d 184, 187 (2005). "To amount to plain error, the error must be so unmistakable that it is apparent from a casual inspection of the record. In addition, the defendant [must] demonstrate[ ] that the error affected his or her substantial rights, by causing actual prejudice or a miscarriage of justice." *Martinorellan v. State*, 131 Nev., Adv. Op. 6, 343 P.3d 590, 593 (2015) (alterations in original) (citations and internal quotation marks omitted).

NRS 207.190(1)(a) makes it "unlawful for a person, with the intent to compel another to do or abstain from doing an act which the other person has a right to do or abstain from doing, to . . . [u]se violence or inflict injury upon the other person . . . or threaten such violence or injury." In

turn, NRS 207.190(2) "provides that [w]here physical force or the *immediate threat* of physical force is used, the offense is a felony, but [w]here no physical force or *immediate threat* of physical force is used, the offense is a misdemeanor." *Santana*, 122 Nev. at 1461, 148 P.3d at 743 (alterations in original) (emphases added) (internal quotation marks omitted). In *Santana*, this court addressed the proper viewpoint for a trier of fact to consider when assessing the immediacy of a threat to determine whether an offense under NRS 207.190 is a felony or a misdemeanor. *Id.* at 1463, 148 P.3d at 745. This court concluded that a jury must be "instructed to apply a reasonable person analysis" when making such determination. *Id.*

Unlike *Santana*, where the case concerned the proper standard for a trier of fact to apply when assessing the immediacy of a threat of physical harm, here, the amended information alleged that Ashley committed coercion by using actual physical force to hold Angela down and prevent her from yelling for help. Thus, we conclude *Santana* does not apply here, and the district court did not plainly err in not instructing the jury to apply a reasonable person analysis.

*The district court did not abuse its discretion in admitting Ashley's prior conviction for attempted coercion*

Ashley argues that the district court erred in denying his motion to exclude his prior felony conviction for attempted coercion for impeachment purposes because the district court did not engage in any balancing process under NRS 48.035(1).[3] We disagree.

---

[3]NRS 48.035(1) provides, in relevant part, that "evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice."

Under NRS 50.095, "[e]vidence of a prior conviction may be admitted for the purpose of impeachment if the conviction involved a sentence of death or imprisonment for more than one year, and the conviction is not more than ten years old." *Wesley v. State*, 112 Nev. 503, 510, 916 P.2d 793, 798 (1996). However, the district court must employ "a balancing process to determine whether the evidentiary usefulness of the proposed impeachment by prior felony convictions, *is substantially outweighed* by the danger of unfair prejudice." *Yates v. State*, 95 Nev. 446, 449-50, 596 P.2d 239, 242 (1979) (emphasis added); *see also* NRS 48.035(1). "The determination of whether to admit or exclude such evidence rests in the sound discretion of the trial court and will not be disturbed unless manifestly wrong." *Redeford v. State*, 93 Nev. 649, 654, 572 P.2d 219, 222 (1977) (internal quotation marks omitted).

First, we conclude that the district court balanced the probative value of Ashley's prior conviction against the danger of undue prejudice. Specifically, the district court examined the presentence investigation report for Ashley's prior conviction and was fully apprised of both parties' arguments concerning the possible prejudicial effect of the evidence before denying Ashley's motion to exclude the evidence.

We further conclude that the district court properly ruled that the probative value of Ashley's prior conviction was not substantially outweighed by the danger of unfair prejudice. Ashley cites to *Givens v. State* for the proposition "that assaultive crimes usually have only slight probative value with respect to veracity, and that prejudice is magnified when the prior crime parallels that for which the defendant witness is presently being tried." 99 Nev. 50, 53, 657 P.2d 97, 99 (1983), *disapproved of on other grounds by Talancon v. State*, 102 Nev. 294, 301 n.3, 721 P.2d

764, 768 n.3, 769 (1986). However, "NRS 50.095 does not limit impeachment to only evidence of felonies relevant to truthfulness or veracity." *Warren v.* State, 121 Nev. 886, 896, 124 P.3d 522, 529 (2005); *see also Pineda v. State*, 120 Nev. 204, 210, 88 P.3d 827, 832 (2004). Moreover, this court has generally expressed its "reluctance to disturb such discretionary evidentiary rulings." *Hicks v.* State, 95 Nev. 503, 504, 596 P.2d 505, 506 (1979); *see also Whisler v. State*, 121 Nev. 401, 406, 116 P.3d 59, 62 (2005) (noting that "convictions are virtually never overturned based upon admission of prior convictions for impeachment").

Here, the coercion charge was premised on competing versions of the facts between Ashley and Angela. Thus, by testifying that he did not hold Angela down or prevent her from yelling for help, Ashley placed his credibility at issue, and the prior conviction was relevant for the purposes of impeaching his credibility. Defense counsel questioned Ashley about the prior conviction during Ashley's direct examination and the State briefly mentioned the prior conviction during Ashley's cross-examination. However, neither side inquired into the underlying facts of the prior conviction. Finally, the district court instructed the jury that Ashley's prior conviction may be considered only for the limited purpose of evaluating the credibility of his testimony and is not substantive proof of his guilt. Accordingly, in light of Ashley's testimony and the district court's limiting instructions, we conclude that the probative value of the prior conviction was not substantially outweighed by the danger of unfair prejudice, and

that the district court did not abuse its discretion in denying Ashley's motion to exclude his prior conviction.[4] Thus, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:  Hon. Janet J. Berry, District Judge
     Washoe County Public Defender
     Attorney General/Carson City
     Washoe County District Attorney
     Washoe District Court Clerk

---

[4]Ashley argues that the cumulative effects of the alleged trial errors warrant reversal of his convictions. *See Hernandez v. State*, 118 Nev. 513, 535, 50 P.3d 1100, 1115 (2002) ("The cumulative effect of errors may violate a defendant's constitutional right to a fair trial even though errors are harmless individually."). However, because Ashley has failed to demonstrate any trial error, we reject this argument.