# IN THE SUPREME COURT OF THE STATE OF NEVADA

RONALD E. GRAMM,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72459

FILED

FEB 01 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, for coercion. Fifth Judicial District Court, Nye County; Kimberly A. Wanker, Judge.

Appellant Ronald Gramm's conviction arises out of a dispute with a man who lives in Gramm's neighborhood. The specific facts are disputed by Gramm and the victim, but the record demonstrates that the two got into a physical altercation in the victim's front yard after Gramm knocked on the victim's door to make a noise complaint. The State charged Gramm with attempted murder with use of a deadly weapon, coercion, assault with a deadly weapon, and battery with use of a deadly weapon. Following a two-day jury trial, the jury acquitted Gramm of all charges except for coercion, and the district court sentenced him to prison for 2 to 5 years. The district court suspended Gramm's sentence and placed him on probation for 5 years.

The coercion charge stemmed from the fact that Gramm twice knocked the victim's cell phone out of his hand while he was attempting to call the police. On appeal, Gramm asks this court to reverse his conviction

18-04466

for coercion because (1) the State failed to produce sufficient evidence of the specific intent necessary for a conviction of coercion, (2) the district court erred in failing to give a reasonable-person instruction regarding the coercion charge, and (3) the cumulative errors by the district court require reversal.

*There was sufficient evidence of coercion*

"The standard of review on appeal in a criminal case for sufficiency of evidence is whether the jury, acting reasonably, could have been convinced of the defendant's guilt beyond a reasonable doubt by the evidence that was properly before it." *Lay v. State*, 110 Nev. 1189, 1192, 886 P.2d 448, 450 (1994). "This court will not disturb a jury verdict where there is substantial evidence to support it, and circumstantial evidence alone may support a conviction." *Hernandez v. State*, 118 Nev. 513, 531, 50 P.3d 1100, 1112 (2002). Additionally, "[t]he jury determines what weight and credibility to give conflicting testimony." *Collman v. State*, 116 Nev. 687, 711, 7 P.3d 426, 441 (2000).

The elements of coercion under NRS 207.190 are:

1. It is unlawful for a person, with the intent to compel another to do or abstain from doing an act which the other person has a right to do or abstain from doing, to:

(a) Use violence or inflict injury upon the other person or any of the other person's family, or upon the other person's property, or threaten such violence or injury;

(b) Deprive the person of any tool, implement or clothing, or hinder the person in the use thereof; or

(c) Attempt to intimidate the person by threats or force.

If a person uses "physical force or the immediate threat of physical force," the crime constitutes a felony. NRS 207.190(2)(a).

The State's theory of the coercion charge was that Gramm used physical force by slapping the victim's phone out of his hands with the intent of preventing the victim from calling the police. In order to prove its theory, the State presented testimony from the victim and his daughter. The victim testified that when he began dialing 911, Gramm knocked the phone out of his hand, and said, "I already called the sheriff's department." The victim testified that the phone fell on the porch, he picked it up, began dialing 911 again, and Gramm again knocked the phone out of his hands. This time the back of the phone and battery came apart when it hit the ground and the phone was inoperable. The victim further testified that Gramm stated, "I tear people apart with these hands," after the second time Gramm knocked the phone out of his hands. The victim's daughter testified that she was home at the time of the incident and saw Gramm knock the victim's phone out of his hands twice.

Gramm argues that the State failed to prove that he had the specific intent necessary for a conviction of felony coercion because he did not prevent the victim from calling the police and he did not threaten the victim with physical harm.

The State provided testimony from two witnesses, which demonstrated that when the victim told Gramm that he was calling the police, Gramm, using "physical force," twice knocked a "tool," the victim's phone, out of the victim's hands to prevent him from calling the police, which is "an act" that the victim has "a right to do." NRS 207.190(1)-(2). Accordingly, we conclude that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," and the

jury's verdict should not be disturbed. *Lay*, 110 Nev. at 1192, 886 P.2d at 450 (internal quotation marks omitted).

*The district court did not err in instructing the jury on coercion*

Gramm argues that the State had two theories regarding the coercion charge at trial: (1) Gramm used physical force to prevent the victim from calling the police, or (2) Gramm threatened the victim with immediate physical force. Gramm argues that under *Santana v. State*, 122 Nev. 1458, 148 P.3d 741 (2006), the district court erred in failing to instruct the jury on the reasonable person standard regarding whether there was an immediate threat of physical force. Gramm further argues that the jury was not instructed on the need to determine the basis for the coercion verdict, and that the verdict form was defective because it "combined 'physical force or immediate threat of physical force,' leaving no way to determine if the jury found [Gramm] guilty of coercion by immediate threat of physical force."

Gramm did not object to the jury instruction or proffer an alternative instruction during trial; thus, we review the coercion instruction for plain error. *Gaxiola v. State*, 121 Nev. 638, 648, 119 P.3d 1225, 1232 (2005). "For an error to be plain, it must, at a minimum, be clear under current law." *Id.* (internal quotation marks omitted). In *Santana*, the defendant made threats to coerce his victims into engaging in sexual conversation via the telephone while he was incarcerated. 122 Nev. at 1459-60, 148 P.3d at 742-43. We acknowledged that "[t]he viewpoint by which the jury analyzes NRS 207.190 [the coercion statute] can determine whether the defendant is found guilty of a gross misdemeanor or a felony" because "[u]nder NRS 207.190, the immediacy of the threat distinguishes felony coercion from gross misdemeanor coercion." *Id.* at 1463, 148 P.3d at

745. We determined that a jury instruction on the reasonable person standard was necessary for determining the immediacy of the threat. *Id.*

This case is distinguishable from *Santana* because the testimony produced at trial demonstrates that Gramm actually used physical force to knock the phone out of the victim's hand. Therefore, we conclude that even if the State had an alternate theory that Gramm threatened the victim with physical force, that theory is irrelevant given the overwhelming evidence that Gramm physically knocked the phone out of the victim's hands twice. Accordingly, the district court did not err in instructing the jury.

*There is no cumulative error that requires reversal*

Gramm argues that reversal is warranted due to cumulative error, but the only error that Gramm argues is that the district court failed to give the appropriate jury instruction. Because we conclude that the district court did not err in instructing the jury on coercion and because this is the only error Gramm argues, we conclude that Gramm's cumulative error argument lacks merit and reversal is not warranted. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc: Hon. Kimberly A. Wanker, District Judge
Law Office of Lisa Chamlee, Ltd.
Attorney General/Carson City
Nye County District Attorney
Nye County Clerk