# IN THE SUPREME COURT OF THE STATE OF NEVADA

MANUEL LARA CAZARES, III,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71728

FILED

JAN 04 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART, VACATING IN PART, AND REMANDING

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of fifteen counts of coercion—sexually motivated, six counts of sexual assault, and child abuse. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

### FACTS AND PROCEDURAL HISTORY

This case concerns the trial of Manuel Cazares for sexual offenses committed against his daughter, R.C., beginning when she was 13 years old. Prior to trial, the State sought to admit testimony from A.W., Cazares' former stepdaughter, that Cazares had forced her to rub lotion on his genitals 20 years prior, when she was 6 years old. The district court found the testimony admissible as evidence of a "propensity to commit sexual acts."

During the jury selection process, the district court asked the jury venire whether they were familiar with members of the court, its staff, counsel for either side, any witnesses scheduled to testify, or the defendant, all before administering the oath required by NRS 16.030(5). The court additionally took three recesses over two days. Before the first recess, the court failed to instruct the jury not to discuss the proceedings, and before the following two recesses, it failed to instruct the jury not to conduct

19-00573

independent research. When the district court announced the adjournment at the conclusion of the first day of jury selection, it failed to admonish the jurors not to conduct independent research. After 14 jurors had been qualified, the court gave them complete admonishments not to discuss the proceedings or consider external evidence.

Following closing arguments, Cazares objected to a jury instruction stating that, while evidence of prior bad acts could not be considered to establish the defendant's bad character or criminal disposition, it could be considered as evidence of the defendant's "propensity to commit sexual acts." The court further instructed the jury that felony coercion includes the immediate threat of physical force. However, the instruction did not explain that the immediate threat of physical force must be determined from the perspective of a reasonable person, and neither the State nor Cazares asked for revision of the instruction.

The jury found Cazares guilty of 15 counts of felony coercion—sexually motivated, 6 counts of sexual assault, and child abuse. On appeal, Cazares argues that (1) the district court's errors during jury selection require reversal, (2) double jeopardy prohibits convictions for both child abuse and sexual assault under the same theories of criminal conduct, (3) the court's failure to instruct the jury that felony coercion requires the immediacy of a threat of physical force from the perspective of a reasonable person requires reversal of those counts, and (4) the admission of A.W.'s testimony regarding a prior bad act for propensity purposes requires reversal of all counts.

## DISCUSSION

*The district court's instruction errors during jury selection do not warrant reversal*

### *Standard of review*

Cazares did not object during jury selection or any time thereafter to any of the three jury instruction omissions to which he assigns error on appeal. Because Cazares failed to preserve these issues for review, we evaluate them for plain error. *Jeremias v. State*, 134 Nev., Adv. Op. 8, 412 P.3d 43, 48, *cert. denied*, ___ U.S. ___, 139 S. Ct. 415 (2018). In order for an appellant to be granted relief due to plain error, he or she "must demonstrate that: (1) there was an 'error'; (2) the error is 'plain,' meaning that it is clear under current law from a casual inspection of the record; and (3) the error affected the defendant's substantial rights." *Id.* (citing *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003)). "[A] plain error affects a defendant's substantial rights when it causes actual prejudice or a miscarriage of justice." *Id.* at 49.

### *Failure to administer the oath under NRS 16.030 prior to jury questioning*

Cazares argues that the district court erred in failing to administer an oath to the jury venire before examining their qualifications as jurors, and that failure constitutes structural error requiring reversal. We disagree that this error automatically requires reversal.

Though failure to timely administer the oath required by NRS 16.030 is a structural error, *Barral v. State*, 131 Nev. 520, 525, 353 P.3d 1197, 1200 (2015), *cert. denied*, ___ U.S. ___, 136 S. Ct. 2542 (2016), unpreserved structural errors are still subject to plain error review, *Jeremias*, 134 Nev., Adv. Op. 8, 412 P.3d at 48. NRS 16.030(5) states that "[b]efore persons whose names have been drawn are examined as to their

SUPREME COURT
OF
NEVAOA

(O) 1947A

qualifications to serve as jurors, the judge or the judge's clerk shall administer an oath or affirmation to them." This ensures that jurors understand the importance of truthfulness in answering questions "touching upon [their] qualifications to serve as jurors." *Id.*

Because the district court failed to administer the oath until after impaneling the jury, the first two elements of plain error are satisfied here. *See id.*; *Barral*, 131 Nev. at 525, 353 P.3d at 1200. However, Cazares fails to demonstrate that he was prejudiced by this individual error, and we have no indication from the record that any of the impaneled jurors would have been disqualified based on the questions asked prior to the administration of the oath. Therefore, we do not find plain error entitling Cazares to relief.

*Failure to properly admonish the jury under NRS 175.401*

Cazares argues that the admonishment instruction under NRS 175.401 is mandatory at every adjournment, and the district court failed to properly admonish the jurors not to view any media related to the trial, discuss the trial, or form opinions on the case on at least three occasions on the first day of jury selection. He asserts that this effectively condoned the jurors engaging in prohibited behavior. We agree that the district court erred, *see* NRS 175.401 (providing that "[a]t each adjournment of the court, . . . [the jury] must be admonished by the judge . . . that it is their duty not to" engage in conversation about any trial subject or discuss any subjects related to the trial; read, watch, or listen to any media concerning the trial; or form any opinions connected to the trial), but Cazares fails to show that this error affected his substantial rights to establish plain error. In that regard, so far as the record shows, no question was raised about the subject during the trial and no incident occurred that was prejudicial to Cazares. Without evidence of the impact of this error, Cazares fails to

 

satisfy the third prong of plain error review to warrant relief on this basis. *See Blake v. State*, 121 Nev. 779, 798, 121 P.3d 567, 579 (2005).

### *Failure to properly admonish the jury under NRS 175.121*

Cazares also assigns error to the timing of the district court's admonishment regarding the jurors' duty not to make statements about the facts of the case based on their own knowledge and to disclose any personal knowledge of the case to the court. He contends that, because the instruction was given during voir dire, the seated jurors understood the admonishment to apply to them, but the other prospective jurors in the court room would not have understood they were to follow the same instructions. We again agree that the district court erred, but conclude that Cazares failed to establish any resulting prejudice affecting his substantial rights to satisfy the plain error standard.

Pursuant to NRS 175.121, once the jury has been impaneled, the court shall admonish the jury not to make statements about facts of the case based on their own knowledge and to disclose to the court any personal knowledge of the facts of the case. The district court failed to comply with the plain directive of the statute by issuing the admonishment before the jury was impaneled, but Cazares does not demonstrate how the premature timing of the admonishment—which all jurors heard, including those subsequently impaneled—resulted in prejudice to him such that the error affected his substantial rights. Therefore, we conclude that Cazares failed to demonstrate plain error requiring the reversal of his conviction.

### *Cumulative error analysis of jury selection errors*

While this court may cumulate unpreserved errors that do not independently require relief under plain error review, *see Valdez v. State*, 124 Nev. 1172, 1195-96, 196 P.3d 465, 480-81 (2008) (factoring unpreserved error that, individually, do not satisfy plain error review into a cumulative

error analysis), it is still incumbent on the appellant to explain how the errors within the same phase of trial have cumulated to require relief, *see Jeremias v. State*, 134 Nev., Adv. Op. 8, 412 P.3d at 55. Here, Cazares merely argues that the collective errors are sufficient for reversal without clarifying how these errors interact to require reversal, and having considered the record, we perceive no cumulative error in the court's jury selection errors that requires reversal.

*Double jeopardy prohibits convictions for both sexual assault and child abuse committed through sexual assault*

Cazares argues that the State only sought to prove the abuse element of child abuse through the sexual assaults Cazares committed against R.C. He asserts that, because the jury could not have found him guilty of child abuse without also finding him guilty of sexual assault, conviction on both counts violates double jeopardy protections. The State responds that child abuse requires the victim to be under 18 years old, an element not required to prove sexual assault, and its theory of abuse could have revolved around either the sexual assaults or accompanying physical threats. We agree with Cazares' contention.

Claims regarding violations of double jeopardy are reviewed de novo. *Davidson v. State*, 124 Nev. 892, 896, 192 P.3d 1185, 1189 (2008). A defendant may not be twice put in jeopardy for the same offense, which includes the imposition of multiple punishments for a single offense. *Missouri v. Hunter*, 459 U.S. 359, 365 (1983). Two different offenses that arise out of the same conduct do not offend double jeopardy if each offense requires proof of a distinct element. *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

Where child abuse cannot be proven without proving sexual assault, double jeopardy prohibits convictions on both counts. *Brown v. State*, 113 Nev. 275, 287, 934 P.2d 235, 243 (1997). The elements of sexual assault are as follows: subjecting another to sexual penetration or forcing another to make a sexual penetration on themselves or another, "against the will of the victim," or under circumstances where the perpetrator should reasonably know the victim to be incapable of resisting or understanding the conduct. NRS 200.366(1)(a). The elements of child abuse are as follows: willfully causing a child under the age of 18 years "to suffer unjustifiable physical pain or mental suffering" resulting from abuse or neglect, or placing the child "in a situation where the child may suffer physical pain or mental suffering as the result of abuse or neglect." NRS 200.508(1). Under NRS 200.508(4)(a), "[a]buse or neglect" is defined as "physical or mental injury of a nonaccidental nature, sexual abuse, sexual exploitation, negligent treatment or maltreatment of a child under the age of 18 years." Sexual abuse as defined in the child abuse statute includes sexual abuse of a child as defined in NRS 432B.100, and NRS 432B.100 includes sexual assault under NRS 200.366 in its definition of sexual abuse. NRS 200.508(4)(a); NRS 432B.100(4).

Here, the State charged Cazares with child abuse, neglect or endangerment based on his "repeatedly subjecting the said R.C., to various sexual acts that he perpetrated on her, and threatening to physically harm her if she refused," and the jury specifically found him guilty of child abuse. The State's argument that double jeopardy is not violated because child abuse requires proof of additional elements that sexual assault does not is immaterial, as each offense must have a distinct element to comply with the prohibition on double jeopardy. *See Blockburger*, 284 U.S. at 304.

SUPREME COURT
OF
NEVADA


(O) 1947A

7

The State's further argument that the abuse element of child abuse was supported by threats of physical violence is additionally without merit. While the State may have been able to advance a theory of abuse independent from Cazares' sexual assaults, it elected to satisfy the abuse element of child abuse by proving sexual assault. The additional reference to threats of physical harm did not place any additional requirements on the jury, as they could have found the abuse element of child abuse satisfied as a result of his sexual assaults. For this reason, double jeopardy protections require that Cazares' child abuse conviction to be reversed and vacated.

*The district court failed to adequately instruct the jury on felony coercion*

Cazares argues that the district court erred by failing to instruct the jury that the threat of physical force as to the coercion charges must be from the perspective of a reasonable person, and the court's failure in this regard prejudiced him. We agree.

"Failure to object to or request a jury instruction precludes appellate review, unless the error is patently prejudicial and requires the court to act sua sponte to protect the defendant's right to a fair trial." *McKenna v. State*, 114 Nev. 1044, 1052, 968 P.2d 739, 745 (1998). Cazares did not object below, therefore, the district court's actions are reviewed for plain error. *Sanchez-Dominguez v. State*, 130 Nev. 85, 91, 318 P.3d 1068, 1073 (2014).

The crime of coercion is described under NRS 207.190(1):

> 1. It is unlawful for a person, with the intent to compel another to do or abstain from doing an act which the other person has a right to do or abstain from doing, to:
>
> (a) Use violence or inflict injury upon the other person or any of the other person's family, or

 

upon the other person's property, or threaten such violence or injury;

      (b) Deprive the person of any tool, implement or clothing, or hinder the person in the use thereof; or

      (c) Attempt to intimidate the person by threats or force.

Coercion is punishable as a felony where the means of compulsion is physical force or the immediate threat of physical force, and as a misdemeanor if perpetrated through any other method. NRS 207.190(2).

We have previously concluded that, when preserved for review on appeal, it is error to fail to instruct the jury that felony coercion requires a finding of an immediate threat of physical force from the perspective of a reasonable person. *Santana v. State*, 122 Nev. 1458, 1463-64, 148 P.3d 741, 745 (2006) (concluding that the error was not harmless because instructing the jury to apply the reasonable person test creates an objective standard for the jury to use in deciding the immediacy of the threat and thus determining whether the defendant is guilty of a felony or gross misdemeanor).

Furthermore, we are not persuaded by the State's argument that relief is effectively barred because neither party requested a proper instruction, as fair trial principles require that "[e]ven in the absence of request, the trial court must instruct on general principles of law relevant to issues raised by the evidence." 75A Am. Jur. 2d *Trial* § 872 (2018). The district court "is required to explain the law correctly to the jury so that it may apply the law to the facts and determine the defendant's guilt as to every element of the crime with which the defendant is charged." *Id.* This court has recognized as much, stating that district courts should sua sponte ensure jury instructions are complete statements of law, and "[i]f [a]

proposed [defense] instruction is poorly drafted, a district court has an affirmative obligation to cooperate with the defendant to correct the proposed instruction or to incorporate the substance of such an instruction in one drafted by the court." *Carter v. State*, 121 Nev. 759, 765, 121 P.3d 592, 596 (2005) (second and third alterations in original) (quoting *Honeycutt v. State*, 118 Nev. 660, 677-78, 56 P.3d 362, 373-74 (2002) (Rose, J., dissenting), *overruled on other grounds by Carter*, 121 Nev. 759, 121 P.3d 592)). Consequently, the district court erred in failing to instruct the jury that the immediate threat of physical force must be determined from the perspective of a reasonable person, and our holding in *Santana* makes this apparent. Although Cazares did not object to the instruction provided, the error here is plain in that it affected Cazares' substantial rights. *See Jeremias*, 134 Nev., Adv. Op. 8, 412 P.3d at 48; *McKenna*, 114 Nev. at 1052, 968 P.2d at 745. As we explained in *Santana*, the failure to instruct the jury on the reasonable person standard effectively removed the distinction between felony and misdemeanor coercion and, in this case, it is unclear whether the jury would have found an immediate threat of physical harm, from the perspective of a reasonable person, beyond a reasonable doubt. *See* 122 Nev. at 1463-64, 148 P.3d at 745. Cazares was prejudiced by the lower threshold to a felony coercion conviction and we, therefore, reverse Cazares' convictions for felony coercion and remand for a new trial.[1]

*The district court did not err in admitting evidence of Cazares' prior bad act to establish criminal propensity or instructing the jury on propensity*

---

[1]Additionally, the plain language of NRS 207.193 requires a conviction for coercion before the court holds a hearing to determine whether it was sexually motivated. As a result, the district court should adhere to this requirement when, and if, Cazares is retried on his coercion charges.

Cazares argues that the district court erred in allowing A.W.'s testimony of a prior sexual offense to establish his propensity to commit sexual acts, and instructing the jury that it may consider the evidence to establish Cazares' "propensity to commit sexual acts." We disagree.

We review the admission of evidence of prior bad acts for an abuse of discretion or manifest error. *Crawford v. State*, 107 Nev. 345, 348, 811 P.2d 67, 69 (1991). NRS 48.045(3) permits evidence of prior sexual offenses to establish a defendant's propensity to commit sexual offenses. *Franks v. State*, 135 Nev., Adv. Op. 1, ___ P.3d ___, ___ (2019). Prior to introducing this evidence, the State must demonstrate that the evidence is relevant pursuant to NRS 48.015 and that its probative value is not substantially outweighed by the risk of unfair prejudice, and the district court must find the prior sexual offense proven by a preponderance of the evidence and that the probative value is not substantially outweighed by the risk of unfair prejudice. *Id.* at ___. In weighing the relevance and risk of unfair prejudice for evidence of this kind, the district court must consider:

> (1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial.

*Id.* at ___ (quoting *United States v. LeMay*, 260 F.3d 1018, 1028 (9th Cir. 2001) (internal quotation marks omitted)).

We had not decided *Franks* at the time of Cazares' trial and thus the district did not explicitly consider the individual factors we set forth in determining that A.W.'s testimony regarding the prior bad sexual act was admissible to show propensity. However, the district court did conduct an inquiry as to whether the prior bad act was proven, whether it

was relevant, and whether its probative value was not outweighed by the risk of unfair prejudice in line with the evaluation process outlined *Petrocelli v. State,* 101 Nev. 46, 51-52, 692 P.2d 503, 507-08 (1985), *superseded in part by statute as stated in Thomas v. State,* 120 Nev. 37, 44-45, 83 P.3d 818, 823 (2004). We perceive no error in that analysis and the district court's determination that the evidence was admissible. The prior bad act was proven by a preponderance of the evidence through A.W.'s *Petrocelli* hearing testimony, which was deemed reliable and relevant to the appropriate issue of Cazares' propensity to commit the sexual acts alleged in the present case. In looking to the *Franks* factors, we conclude that the district court acted within its discretion in determining that the close similarity between the acts made the prior sexual offense highly relevant, and the temporal distance between the prior act and the charged acts was not so significant that the prior bad act's probative value was substantially outweighed by its risk of unfair prejudice. Consequently, Cazares' argument is without merit.

## *CONCLUSION*

We conclude that the district court's errors during jury selection and the admission of evidence of Cazares' prior sexual offense do not support relief from the judgment of conviction. However, his conviction for child abuse under a theory of sexual assault violates double jeopardy protections and must be reversed and vacated. Furthermore, the district court's failure to instruct the jury that felony coercion requires a threat of immediate physical force from the perspective of a reasonable person requires reversal of the coercion convictions. Accordingly, we

ORDER the judgment of conviction AFFIRMED IN PART, REVERSED IN PART AND VACATED IN PART, AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____ Cherry _____, J.
Cherry

_____ Parraguirre _____, J.
Parraguirre

_____ Stiglich _____, J.
Stiglich

cc:     Hon. Douglas Smith, District Judge
        Clark County Public Defender
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[2]We conclude that Cazares' remaining arguments are without merit.